HW_Answer_by_Francisca_Santiago.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                  :     ECF CASE

PHILIP MORRIS USA INC.,             :

                                         :     07 CV 8359  (LAK)

                          Plaintiff,       :

                                         :     ANSWER FOR

                      v.                 :     DEFENDANT

                                         :     <u>FRANCISCA SANTIAGO</u>

A & V MINIMARKET, INC., a New York corporation   :
doing business as A & V MINI MARKET, et al.,         :

                                       :     (Jury Demand)

                        Defendants.     :

                                         :
-----------------------------------------------------------------------X

      Carl E. Person. appearing on behalf of the Defendant. Francisca Santiago (hereinafter, "Santiago" or a "Defendant"). respectfully alleges as and for the Defendant's Answer to the Plaintiff's Complaint:

## INTRODUCTORY STATEMENT

      1A.    Santiago was not the owner the fruit and vegetable market located at 600 Southern Boulevard. Bronx. New York 10455 at the time of the events alleged in the Complaint.  Santiago had owned the business under the name J & J Fruit & Vegetable Market, and sold the business to a new owner. prior to the events alleged in the Complaint. The new owner started and is now operating the business at the same location under the name Lopez Fruit & Vegetable Market.

      1.    ADMITS each of the allegations in ¶ 1 of the Complaint. except DENIES that Santiago at any time made any of the purchases, or did any of the other acts, alleged in the Complaint.

      2.    ADMITS that Santiago resides in this judicial district, but DENIES that venue is proper because Santiago performed none of the alleged actions. in this judicial district or any other

and DENIES having knowledge or information sufficient to form a belief as to the other defendants as alleged in ¶ 2 of the Complaint.

3.     ADMITS that the action has been commenced for relief under the statutes and other law described in ¶ 3 of the Complaint; DENIES each of the allegations in ¶ 3 of the Complaint as to Santiago: and DENIES having knowledge or information sufficient to form a belief as to the other defendants.

4.     DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 4 of the Complaint.

5.     DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 5 of the Complaint.

6.     DENIES each of the allegations about Santiago in ¶ 6 of the Complaint, and DENIES having knowledge or information sufficient to form a belief as to each of the other allegations in ¶ 6 of the Complaint.

7.     DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 7 of the Complaint.

8.     DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 8 of the Complaint. except DENIES that Santiago is a proper defendant to be listed in Exhibit A to the Complaint.

9.     DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 9 of the Complaint.

10.     DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 10 of the Complaint.

11.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 11 of the Complaint.

12.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in the first sentence of ¶ 12 of the Complaint, but ADMITS each of the allegations in the second sentence of said paragraph.

13.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 13 of the Complaint, except DENIES each of the allegations in said paragraph as to Santiago.

14.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 14 of the Complaint.

15.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 15 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

16.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 16 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

17.    Santiago specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 hereof.

18.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 18 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

19.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 19 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

20.    Santiago specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 hereof.

21.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 21 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

22.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 22 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

23.    Santiago specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 22 hereof.

24.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 24 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

25.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 25 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

26.    Santiago specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25 hereof.

27.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 27 of the Complaint.

28.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 28 of the Complaint. and DENIES each of the allegations pertaining to Santiago.

29.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 29 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

30.    Santiago specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29 hereof.

31.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 31 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

32.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 32 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

33.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 33 of the Complaint. and DENIES each of the allegations pertaining to Santiago.

34.    Santiago specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33 hereof.

35.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 35 of the Complaint. and DENIES each of the allegations pertaining to Santiago.

36.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 36 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

37.    DENIES having knowledge or information sufficient to form a belief as to each of the allegations in ¶ 37 of the Complaint, and DENIES each of the allegations pertaining to Santiago.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

38.    Failure to State a Claim. for each of the following reasons:

A.    The action essentially is a class action brought without compliance with the rules governing class actions.

B.    The Complaint does not provide adequate details about the date, dates or other period of time in which the alleged activities occurred as to any of the defendants.

### 2nd Affirmative Defense

39.    Unconstitutionality of statutory damages of (up to S1.000.000. under 15 U.S.C.A. Section 1117) for infringement of each trademark to the extent statutory damages exceed three times the amount of a defendant's profits or sales derived from any infringing use of the trademark or copyright. Defendant made no sales. and had no profits as to any of the counterfeit cigarettes alleged by the Plaintiff in the Complaint. The maximum liability of the Defendant is 3 times 0 -- or nothing.

### 3rd Affirmative Defense

14.    Unconstitutionality of statutory attorneys fees to the extent they exceed three times the amount of defendant's profits or sales derived from alleged illegal use of Plaintiff's trademarks, trade dress or copyrights at issue and to the extent such attorneys fees are attributable to the solicitation of defendants against which to commence this lawsuit.  The maximum liability of the Defendant for statutory attorneys' fees is 3 times 0 - or nothing.

### 4th Affirmative Defense

40.    Unconstitutionality of statutory attorneys fees to the extent they are unreasonable in relation to the dollar amount of the Defendant's liability for actual damages.

### Jury Demand

Defendants hereby demand a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and that such trial be held separately from any trial as to any of the other defendants in this action.

## PRAYER

**WHEREFORE**, the Defendant respectfully requests that the Complaint be dismissed

with costs and disbursements and attorneys' fees, and with such other and further relief as this

Court may deem just and proper.

**Dated:   New York, New York**
**October 26, 2007**

**Carl E. Person   (CP  7637)**
**Attorney for Defendant,**
   Francisca Santiago
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : | **ECF CASE** |
| **PHILIP MORRIS USA INC.,** | : |  |
|  | : | **07 CV 8359  (LAK)** |
| Plaintiff, | : |  |
|  | : | **PROOF OF SERVICE** |
| v. | : |  |
|  | : |  |
| **A & V MINIMARKET, INC., a New York corporation** | : |  |
| **doing business as A & V MINI MARKET, et al.,** | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

----------------------------------------------------------------------------x

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on October 26, 2007, I served a true copy of the foregoing **ANSWER FOR DEFENDANT FRANCISCA SANTIAGO** (the "Document"), on the attorneys for the Plaintiff and all other parties who have appeared by an attorney, through the mailing of a copy of the Document to the attorneys listed below and by the filing of this ECF Document with the Court's Electronic Case Filing system . No unrepresented parties have appeared.

**Stephen W. Edwards**
Law Offices of Stephen W. Edwards
100 Ocean Parkway Suite 2B
Brooklyn, NY 11218

Attorneys for Defendant,
Harlem Carniceria Hispana & Deli, Inc.

**Jennifer L. Larson**
Heller Ehrman, White & McAuliffe, LLP (NYC)
Times Square Tower
7 Times Square
New York, NY 10036-6524

Attorneys for Plaintiff

**Dated: New York, New York**
**October 26, 2007**

By _____

**Carl E. Person (CP 7637)**