JUDGE KAPLAN

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

PHILIP MORRIS USA INC.,

V.

A & V MINIMARKET, INC., et al.,

PLEASE SEE ATTACHED SCHEDULE A
FOR COMPLETE CAPTION

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**07 CIV 8359**

TO: (Name and address of Defendant)

PLEASE SEE THE ATTACHED SCHEDULE B

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JENNIFER L. LARSON (JL 8114)
HELLER EHRMAN LLP
7 TIMES SQUARE
NEW YORK, NY 10036
(212) 832-8300

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    SEP 26 2007
CLERK                                                 DATE

(By) DEPUTY CLERK

**JUDGE KAPLAN**

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

(additional counsel listed on signature page)

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>               Plaintiff,<br><br>v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET; ABDO K.S. NAGI, individually and doing business as A.M. GROCERY-DELI and A&M GROCERY; GOURMET DELI GROCERY CORP., a New York corporation doing business as GOURMET DELI; LA FAVORITA DELI GROCERY CORP., a New York corporation doing business as LA FAVORITA DELI GROCERY; UNIVERSITY FOOD MARKET CORP., a New York corporation; F & J DELI DELIGHT INC., a New York corporation doing business as F & J DELI; FELCIANO LOPEZ, individually and doing business as LOPEZ FRUIT & VEGETABLE MARKET; FRANCISCA SANTIAGO, individually and doing business as LOPEZ FRUIT & VEGETABLE MARKET; GOLD MINE GROCERY, INC., a New York corporation doing business as GOLDMINE GROCERY; UPTOWN DELI & GROCERY CORP., a New York corporation doing business as TAIZ GROCERY; HARLEM CARNICERIA HISPANA & DELI, INC., a New York corporation doing business as HARLEM CARNICERIA HISPANA & DELI; I & I CONVENIENCE STORE INC., a New York corporation doing business as I & I CONVENIENCE STORE; INKONA NEWS STAND, INC., a New York | Case No. 07 CIV 8359<br><br>ECF CASE<br><br>**COMPLAINT** |



corporation doing business as INK ON A, INK ON A, INC. and INKONA INC.; J & B DELI GROCERY CORP., a New York corporation doing business as J & B DELI GROCERY CORP. and J & B GROCERY; TW DELI & GROCERY CORP., a New York corporation doing business as JEROME DELI GROCERY; HAFIZ ABDULLA SAIDI, individually and doing business as H. A. SAIDI GROCERY-DELI STORE and JUMBO DELI GROCERY; K & G DELI GROCERY, INC., a New York corporation doing business as K & G DELI; LEENA DELI & GROCERY CORP., a New York corporation doing business as LEENA DELI & GROCERY; MENZAL S. AZOOKARI, individually and doing business as SOUTHERN BLVD. DELI; MANNYS MINI MARKET, INC., a New York corporation doing business as MANNYS MINI MARKET; JUANA SUAZO, individually and doing business as MATEO GROCERY; 174th STREET MELISSA FOOD CENTER CORP., a New York corporation doing business as MELISSA GROCERY, also known as MELISSA DELI GROCERY, MELISSA FOOD CENTER AND MELISSA FOOD CORP.; MATTHEW FOOD CENTER CORP., a New York corporation doing business as MATTHEW DELI FOOD CENTER and MATTHEW FOOD CENTER; 315 GROCERY CORP., a New York corporation doing business as 315 GROCERY & CANDY; MORRIS AVE. FOOD MART CORP., a New York corporation doing business as MORRIS AVE FOOD MART; BRONX #1 DISCOUNT GROCERY CORP., a New York corporation doing business as NY #1 DISCOUNT GROCERY; ADEL ELSAIDI, individually and doing business as NY BEST DELI GROCERY; SECINDINO OLIVO, individually and doing business as OLIVO GROCERY; ANTERO OLIVO, individually and doing business as OLIVO GROCERY; ALI OMRAN, individually and doing business as OMRAN GROCERY and OMRAN GROCERY & CANDY STORE; HAJJI DELI GROCERY, INC., a New York corporation doing business as PARADISE DELI; R H S GROCERY, INC., a New York corporation doing business as RHS DELI GROCERY; MIGUEL RODRIGUEZ, individually and doing business as RODRIGUEZ DELI GROCERY; SOLFIS ZESARINA GUERRERO DE ORTIZ, individually and doing business as ZESARINA GROCERY STORE and TONYS FAMILY GROCERY STORE; S & P NEWS; RAMON SALCEDO,

individually and doing business as SALCEDO GROCERY; MAJMUD SALEJ, individually and doing business as SALEJ GROCERY; SAMMY'S II DELI GROCERY, INC., a New York corporation; SAN JUAN FOOD MARKET, INC., a New York corporation doing business as SAN JUAN FOOD MARKET; WADDAH ALMAWRI, individually and doing business as W.A. DELI GROCERY, also known as W.A. DELI & GROCERY; STEVEN DELI SUPERMARKET CORP., a New York corporation doing business as STEVEN DELI MARKET; KIANELY FOOD CORP., a New York corporation; VEGA'S DELI GROCERY INC., a New York corporation doing business as NEW WATSON FOOD MARKET; UNIVERSITY DELI & GROCERY CORP., a New York corporation doing business as UNIVERSITY DELI; 456 EAST W.A. DELI & GROCERY INC., a New York corporation doing business as WA GROCERY; GAMIL HASSAN, individually and doing business as WEST FARM DELI GROCERY; ALI SAEED, individually and doing business as YEMEN KING DELI; JJP FOOD CENTER INC., a New York corporation doing business as 1086 JJP FOOD CENTER INC.; 394 GROCERY CORP., a New York corporation doing business as 394 GROCERY; 676 CASTLE HILL GOMEZ GROCERY CORP., a New York corporation doing business as 676 CASTLE HILL DELI; LATIN GROCERY LLC, a New York corporation doing business as 961 DELI GROCERY; and DOES ONE through TEN, inclusive,

Defendants.

Plaintiff PHILIP MORRIS USA INC. ("Philip Morris USA"), for its Complaint herein against all entities as set forth on Exhibit A (collectively "Defendants") attached hereto and incorporated by reference, alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to: (i) 28 U.S.C. §§ 1331, 1338(a) and (b); (ii) 15 U.S.C. § 1121, as an action for violation of the Lanham Act, 15

U.S.C. §§ 1051 *et seq.*; and (iii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

2.  Philip Morris USA is informed and believes and thereupon alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that, among other things, Defendants reside or are found in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## NATURE OF THE ACTION

3.  This is an action for: (i) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of the common law of the State of New York; (iv) trademark infringement in violation of the common law of the State of New York; (v) deceptive acts and practices in violation of New York General Business Law Section 349; and (vi) trademark infringement in violation of New York General Business Law Sections 360-k *et seq.* As described more fully below, Defendants have sold, offered for sale, or otherwise contributed to the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes, and are therefore liable for direct and/or contributory infringement of Philip Morris USA's lawfully owned trademarks and trade dress. Defendants' conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception as well as irreparable injury to Philip Morris USA.

4.  For several decades, Philip Morris USA has used, in connection with its tobacco products, the MARLBORO® trademark and various other trademarks incorporating the word MARLBORO® and/or the MARLBORO Roof Design® trademark, a pentagonal figure with a horizontal top and two vertical sides with two upwardly and inwardly sloping diagonals

(collectively, the "Marlboro Trademarks"). Philip Morris USA has spent substantial time, effort and money advertising and promoting the Marlboro Trademarks throughout the United States, and these trademarks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.

5.  In an attempt to profit from Philip Morris USA's substantial investment in its Marlboro Trademarks, Defendants have sold cigarettes in packaging that bears spurious marks that are either identical to or substantially indistinguishable from the Marlboro Trademarks. Consumers naturally would expect that cigarettes sold in packaging that bears the famous Marlboro Trademarks would be manufactured, licensed or sponsored by Philip Morris USA or its affiliates. However, Philip Morris USA has confirmed that the cigarettes at issue were not manufactured, licensed or sponsored by, or affiliated with Philip Morris USA or its affiliates, and are counterfeit. Thus, consumers are likely to be confused and/or disappointed by obtaining counterfeit cigarettes when they intended to purchase genuine MARLBORO® and/or MARLBORO LIGHTS® cigarettes manufactured and sold by Philip Morris USA or its affiliates.

6.  As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® and/or MARLBORO LIGHTS® products and is losing profits from lost sales of genuine products. This action seeks permanent injunctive relief and damages for Defendants' infringement of Philip Morris USA's intellectual property rights.

## THE PARTIES

7.  Plaintiff Philip Morris USA is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business at 6601 West Broad Street, Richmond, Virginia 23230.

5

8. Defendants' names, entity types and addresses are set forth in Exhibit A, attached hereto and incorporated by reference herein.

9. Philip Morris USA does not know the true names and capacities of the Defendants sued herein as Does One through Ten, inclusive, and therefore sues these Defendants by such fictitious names. Philip Morris USA will amend this Complaint to allege the true names and capacities of these Defendants when it ascertains the same.

## FACTS GIVING RISE TO THIS ACTION

### A. The Infringed Trademarks

10. Philip Morris USA is the United States owner of the famous Marlboro Trademarks under which the MARLBORO® cigarettes are sold. The Marlboro Trademarks include, without limitation, MARLBORO® and MARLBORO LIGHTS®. Philip Morris USA has invested substantial time, effort and money in advertising and promoting the Marlboro Trademarks throughout the United States. The vast majority of MARLBORO® advertising and promotional activities display the Roof Design® trademark and/or a MARLBORO® word trademark. As a result, the Marlboro Trademarks are reportedly among the most widely recognized trademarks in the United States, and Philip Morris USA has developed significant goodwill in these trademarks. Today, the MARLBORO® brands are the most popular brands of cigarettes sold in the United States.

11. Philip Morris USA is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office ("USPTO"), all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065:

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |

6

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

True and correct copies of these registration certificates and/or computer printouts from the records of the USPTO are attached hereto as Exhibits B through E.

**B.  Defendants' Sale of Counterfeit Cigarettes**

12. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Retail establishments throughout the United States offer these cigarettes for sale to the adult public.

13. Between March 2007 and June 2007, purchasers employed by firms under contract with Philip Morris USA purchased one or more packs (20 cigarettes per pack) of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks, from the named Defendants' retail establishments. The dates of these purchases and brands purchased are listed in Exhibit A, attached hereto.

14. The purchasers caused the purchased packs of cigarettes to be delivered to a Philip Morris USA facility. Upon receiving the cigarette packs, Philip Morris USA employees examined them using a series of proprietary inspection methods and conclusively determined that one or more of the packs purchased from each Defendant's retail establishments was counterfeit.

**C.  The Likelihood of Confusion and Injury Caused by Defendants' Actions**

15. The counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes are not the same or of the same quality as those manufactured and sold by Philip Morris USA

7

under the same brand name. As such, consumers who purchase counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes are likely to be confused and/or disappointed by obtaining counterfeit cigarettes when they intended to purchase genuine MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes. In addition, the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes is likely to cause confusion among consumers regarding Philip Morris USA's sponsorship or approval of the counterfeit cigarettes. As a result of Defendants' actions, Philip Morris USA is suffering a loss of the enormous goodwill Philip Morris USA created in its MARLBORO® products and is losing profits from lost sales of genuine products.

16. Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Philip Morris USA's irreparable damage.

### FIRST CLAIM FOR RELIEF

**(For Infringement of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))**

17. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 16 hereof.

18. The acts of Defendants alleged herein constitute the use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy, or colorable imitation of one or more of the Marlboro Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in one or more of the Marlboro Trademarks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

19. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF

### (For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

20. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 19 hereof.

21. The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Philip Morris USA, or as to the origin, sponsorship, or approval of counterfeit cigarettes by Philip Morris USA.

22. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF

### (For Unfair Competition in Violation of New York State Common Law)

23. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 22 hereof.

24. Defendants' conduct, as alleged above, constitutes unfair competition under New York State common law. Defendants' acts have resulted in the "passing off" of Defendants'

products as those of Philip Morris USA, or as somehow related or associated with, or sponsored or endorsed by Philip Morris USA.

25. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FOURTH CLAIM FOR RELIEF

### (For Trademark Infringement Under New York State Common Law)

26. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25 hereof.

27. The Marlboro Trademarks are valid trademarks under New York State common law.

28. The acts of Defendants alleged herein constitute the use, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy, or colorable imitation of the Marlboro Trademarks in connection with the advertisement, promotion, sale, and distribution of products and/or services identical or near-identical to those offered by Philip Morris USA, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Philip Morris USA's rights in the Marlboro Trademarks, in violation of Philip Morris USA's common law trademark rights.

29. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (For Deceptive Acts and Practices, New York Gen. Bus. Law § 349)

30. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29 hereof.

31. By the acts described above, including, without limitation, Defendants' false and/or misleading statements regarding the quality of its products and the legality of their sale, Defendants have engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of New York General Business Law. Defendants' conduct is consumer-oriented, has affected the public interest of New York State, and has resulted in injury to consumers within New York.

32. Defendants' deceptive acts or practices are materially misleading and, upon information and belief, have actually deceived, and have a tendency to deceive, a material segment of the persons to whom Defendants have directed their marketing activities, and Philip Morris USA has been injured thereby.

33. Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SIXTH CLAIM FOR RELIEF

### (For Trademark Infringement, New York Gen. Bus. Law §§ 360-k *et seq.*)

34. Philip Morris USA specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33 hereof.

35. Philip Morris USA is the owner of the Marlboro Trademarks. By virtue of Philip Morris USA's prominent, long and continuous use of the Marlboro Trademarks, they have become and continue to be distinctive.

36.  The acts of Defendants alleged herein constitute the use in commerce, without the consent of Philip Morris USA, of a reproduction, counterfeit, copy, or colorable imitation of the Marlboro Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers as to the source of origin of such goods, and therefore infringe Philip Morris USA's rights in the Marlboro Trademarks, in violation of New York General Business Law Sections 360-k *et seq.*

37.  Philip Morris USA has no adequate remedy at law for the foregoing wrongful conduct. Philip Morris USA has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## PRAYER

WHEREFORE, Plaintiff Philip Morris USA Inc. prays for judgment as follows:

A.  For judgment that:

   (i) Defendants have violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114;

   (ii) Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   (iii) Defendants have engaged in unfair competition in violation of New York State common law;

   (iv) Defendants have engaged in trademark infringement in violation of New York State common law;

   (v) Defendants have violated Section 349 of New York's General Business Law; and

   (vi) Defendants have violated Sections 360-k *et seq.* of New York's General Business Law.

B.  For an injunction restraining and enjoining Defendants and their divisions, subsidiaries, officers, agents, employees, attorneys, and all those persons in active concert or

participation with them who receive actual notice of the order by personal service or otherwise, from (i) purchasing, distributing, selling, or offering for sale, counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes, or assisting, aiding or abetting any other person or entity in doing so; or (ii) using the Marlboro Trademarks or trademarks confusingly similar therewith or the MARLBORO® and/or MARLBORO LIGHTS® trade dress or trade dress confusingly similar therewith with the exception of the sale and, offering for sale of genuine MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

  C. For an order requiring Defendants to cooperate in good faith with Philip Morris USA in its investigations of counterfeit sales at their retail establishments, including, without limitation, by: (a) permitting representatives of firms under contract with Philip Morris USA to conduct inspections, without notice, of Defendants' cigarette inventories to determine whether any packs of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit and to retain possession of any such cigarettes that are determined to be counterfeit; (b) responding to reasonable requests for information about Defendants' suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

  D. For an order (i) requiring Defendants to account for and pay over to Philip Morris USA all of Defendants' profits derived from its unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), including the treble damages where appropriate; (ii) as an alternative to awarding profits under Section 35(a), awarding Philip Morris USA statutory damages as provided for by Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c); and (iii) awarding Philip Morris USA damages and attorney fees and costs to the full

extent provided for by Sections 349 and 360-k *et seq.* of New York's General Business Law; and (iv) awarding Philip Morris USA general and special damages to the full extent provided by New York State common law.

  E. For costs of suit, including attorneys' fees where appropriate, and for such other and further relief as the Court shall deem appropriate.

Dated: New York, New York
   September 26, 2007

Respectfully submitted,

HELLER EHRMAN LLP

*[signature]*

Jennifer L. Larson (JL 8114)
Times Square Tower
7 Times Square
New York, New York 10036-6524
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
CULLEN and DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

*Of counsel:*

John C. Ulin (CA State Bar No. 165524)
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, California 90071
Telephone: (213) 689-0200
Facsimile: (213) 614-1868