UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHILLIP MORRIS USA, INC.,

                Plaintiff,

-against-

A & V MINIMARKET, et al.,

                **Defendants**].
------------------------------------------------------------X

07 Civ. 8359 (LAK) (GWG)

SCHEDULING ORDER
FOR MOTION FOR DEFAULT
JUDGMENT AND DAMAGES
INQUEST

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

    Plaintiff having sought permission to file motions for a default judgment against various defendants who have failed to answer the complaint, it is hereby ORDERED that:

    1.    Plaintiff has permission to file such a motion against any defaulting defendant. Plaintiff is strongly encouraged to combine requests for default judgment against multiple defendants into a single motion if it would reduce unnecessary filings and paper. Obviously, the plaintiff's motion papers must make clear what specific relief is sought against each individual defendant and why.

    A copy of the certificate of default for each defendant shall be included with the motion papers.

    2.    For each element of non-monetary relief sought, plaintiff shall include in its memorandum of law an explanation, including applicable case law, of how the facts admitted as a result of the default permit the relief requested. To the extent additional facts relating to relief are required, they must be included in an affidavit or declaration.

3.      To the extent plaintiff seeks a hearing pursuant to Fed. R. Civ. P. 55(b)(2)(b) to decide the damages plaintiff should be awarded, the plaintiff shall submit, in addition to its memorandum of law, Proposed Findings of Fact that specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has been established. The submission should demonstrate how plaintiff has arrived at the proposed damages figure(s) and should be supported by one or more declarations or affidavits, which may attach any documentary evidence establishing the proposed damages. <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and/or page of documentary evidence that supports each such Proposed Finding</u>. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Finding should cite to the appropriate paragraph of the complaint.

In lieu of conclusions of law, plaintiff may, in its memorandum of law, set forth the legal principles applicable to plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorney's fees).

The submission shall contain a paragraph that succinctly summarizes for each defendant what relief, including monetary relief, is being sought against that defendant, including the exact dollar amount being sought.

4.      Any request for attorney's fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. The Conclusions of Law or memorandum of law shall include a paragraph setting forth the legal basis for any requested award of attorney's fees.

5.  Plaintiff shall serve the defendant with a copy of the motion papers by mail or delivery at defendant's last known address. Plaintiff shall include a copy of this Order with the papers served and a cover letter that explains the due date of the defendant's papers and where they should be sent in accordance with the next paragraph.

6.  Defendant shall send to plaintiff's counsel and file with the Court the response, if any, to plaintiff's submissions no later than <u>30 days after the date of plaintiff's papers</u>. An extra copy of any document filed with the Court shall be sent or delivered to the following address:

Judge Gabriel W. Gorenstein
United States Courthouse
500 Pearl Street
New York, NY 10007-1581

7.  The Court hereby notifies the parties that it may conduct the hearing on damages based solely upon the written submissions of the parties. <u>See</u> <u>Action S.A. v. Marc Rich & Co.</u>, 951 F.2d 504, 508 (2d Cir. 1991); <u>Fustok v. ContiCommodity Servs. Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989). To the extent that any party seeks an in-court hearing on the issue of damages, such party must set forth in its submission the reason why the hearing should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at an in-court hearing and the nature of the evidence that would be submitted.

8.  The Court notes that the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York ((212) 805-0175) may be of assistance to the defendant in connection with court procedures.

Dated:  New York, New York
        June 10, 2008

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge