Case 1:07-cv-08359-LAK-GWG   Document 72-8   Filed 08/04/2008   Page 1 of 5

Case 1:05-cv-02104-ILG-JO   Document 18     Filed 02/08/2007   Page 1 of 5
Case 1:05-cv-02104-ILG-JO   Document 17-2   Filed 01/04/2007   Page 34 of 48

Robert Buehler (RB 1458)
Angela Martucci (AM 4614)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

*Attorneys for Plaintiff Philip Morris USA Inc.*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB - 8 2007 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHILIP MORRIS USA INC.,

          Plaintiff,

v.

LA PALMA MEAT MARKET
CORP., *et al.*,

          Defendants.

No. 05 Civ. 2104 (ILG)

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT 116 TONY'S GROCERY INC.

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a Summons and Complaint upon Defendant 116 Tony's Grocery Inc. ("Defendant" or "Tony's Grocery"), and Defendant having failed to timely respond to the complaint, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

    1.    This is an action for: (I) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (II) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (III) unfair competition in violation of New York State common law; (IV) trademark infringement in violation of New York State common law; (V) deceptive acts and practices in violation of New York General Business Law § 349;

Case 1:07-cv-08359-LAK-GWG    Document 72-8    Filed 08/04/2008    Page 2 of 5

Case 1:05-cv-02104-ILG-JO    Document 18      Filed 02/08/2007    Page 2 of 5
Case 1:05-cv-02104-ILG-JO    Document 17-2    Filed 01/04/2007    Page 35 of 48

and (VI) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2. Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4. Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO®

2

Case 1:07-cv-08359-LAK-GWG   Document 72-8   Filed 08/04/2008   Page 3 of 5

Case 1:05-cv-02104-ILG-JO   Document 18     Filed 02/08/2007   Page 3 of 5
Case 1:05-cv-02104-ILG-JO   Document 17-2   Filed 01/04/2007   Page 36 of 48

and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5. Beginning in or about October 2004, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant Tony's Grocery offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. Philip Morris USA filed the Complaint in this action on May 2, 2005.

7. Defendant was served with the Summons and Complaint on May 4, 2005. Entry of Default against Defendant was filed on August 17, 2005, for Defendant's failure to timely respond to Plaintiff's complaint. On January 4, 2007, Plaintiff presented this Court with its Application for Default Judgment against Defendant Tony's Grocery. Defendant has not filed any opposition to this application.

8. Accordingly, it is hereby **ORDERED** that Tony's Grocery, and Tony's Grocery's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Tony's Grocery, are hereby **PERMANENTLY ENJOINED** from:

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii) assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii) interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9. **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail

3

Case 1:07-cv-08359-LAK-GWG    Document 72-8    Filed 08/04/2008    Page 4 of 5

Case 1:05-cv-02104-ILG-JO    Document 18      Filed 02/08/2007    Page 4 of 5
Case 1:05-cv-02104-ILG-JO    Document 17-2    Filed 01/04/2007    Page 37 of 48

establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

10.     **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.     **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $133.33.

12.     Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.     The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.     There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

Case 1:07-cv-08359-LAK-GWG   Document 72-8   Filed 08/04/2008   Page 5 of 5

Case 1:05-cv-02104-ILG-JO   Document 18    Filed 02/08/2007   Page 5 of 5
Case 1:05-cv-02104-ILG-JO   Document 17-2   Filed 01/04/2007   Page 38 of 48

15. The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

IT IS SO ORDERED

DATED *February 6, 2007*

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

HELLER EHRMAN LLP
Robert Buehler (RB 1458)
Angela Martucci (AM 4614)
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

By _____
     Robert Buehler

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

5