UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>             Plaintiff,<br><br>v.<br><br>PERALTA FOOD MARKET CORP.<br>d/b/a Bergen Grocery, *et ano.*,<br><br>             Defendants. | Honorable Dickinson R. Debevoise<br><br>Case No.: 06-470 (DRD)<br><br>DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT JULUMEL, INC. D/B/A FOOD PLAZA-NEWARK A/K/A/ LA ESPERANZA |

      Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a Summons and Complaint upon Defendant Julumel, Inc., a New Jersey corporation doing business as Food Plaza –Newark, a/k/a La Esperanza ("Defendant"), and Defendant having failed to timely respond to the complaint, it is hereby ORDERED, ADJUDGED and DECREED as follows:

      1.    This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition and (ir) trademark infringement in violation of the common law of the State of New Jersey. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

      2.    Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action.

      3.    Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related

trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4. Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5. Beginning on or about February 24, 2004, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. Philip Morris USA filed the complaint in this action on February 1, 2006.

7. Defendant was served with the Summons and Complaint on February 22, 2006. Entry of Default against Defendant was recorded on November 17,

2006, for Defendant's failure to timely respond to Plaintiff's complaint. On May 14, 2007, Plaintiff presented this Court with its Application for Default Judgment against Defendant. No Defendant filed any opposition to this application.

8. Accordingly, it is hereby **ORDERED** that Defendant, and Defendant's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendant, are hereby **PERMANENTLY ENJOINED** from

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii) assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii) interfering with or impeding the inspections authorized by Paragraph 9(a) hereof in any way.

9. **IT IS FURTHER ORDERED THAT** Defendant shall cooperate in good faith with Philip Morris USA in any further investigation of this matter, including but not limited to (a) permitting representatives of Philip Morris USA to conduct inspections, without notice, of Defendant's inventory of cigarettes to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® mark to determine whether any such cigarettes are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5:00 p.m. on any day Defendant is open for business) and to take possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes Philip Morris USA or its representatives determine to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of

MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

10. **IT IS FURTHER ORDERED THAT,** because it would be impractical or very difficult to determine or fix the amount of damages that would be sustained as a result of a breach of this Default Judgment and Permanent Injunction by Defendant, the following amounts are hereby fixed as liquidated damages for breaches hereof: (i) $500.00 per day for breach of Defendant's obligation to cooperate in good faith with Philip Morris USA's investigative efforts, as set forth in Paragraph 9, and accruing after Philip Morris provides reasonable notice to Defendant of the breach; and (ii) $4,000 for the first occasion on which Philip Morris USA confirms that Defendant has sold counterfeit MARLBORO® or MARLBORO LIGHTS® brand cigarettes, in violation of Paragraph 8 of after this Default Judgment and Permanent Injunction, with the monetary damages to double for each subsequent occasion on which a sale of counterfeit product is confirmed (*e.g.*, $8,000.00 for the second occasion, $16,000.00 for the third occasion, *etc.*), except that if Philip Morris USA discovers 10 cartons or more of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes in the combined inventory of one or more of Defendant's retail outlets in any inspection conducted within 90 days of the date on which cigarettes purchased at any of Defendant's retail outlets are confirmed as counterfeit, the amount of liquidated damages shall be multiplied by 10 (*e.g.*, on the first such occasion, $40,000; on the second such occasion, $80,000) with any liquidated damages recovery capped at $100,000. The amount of Philip Morris USA's liquidated damages shall be determined on the basis of such proof as Philip Morris USA shall present to the Court. Upon entry of an Order of this Court that Defendant has violated the terms of this Default Judgment and Permanent Injunction, Philip

Morris shall be entitled to enforce the Court's Order, including by Writ of Execution.

11. **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

12. **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for attorney's fees and costs in the amount of $4,292.50.

13. Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

14. The terms of this Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

15. There being no just reason for delay, the entry of this default judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

16. The Court shall retain jurisdiction to enforce this Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by ex parte application. If this matter is so reopened, Philip Morris USA may pursue

any and all remedies it may have against Defendant, in addition to the liquidated damages set forth above and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

IT IS SO ORDERED this 30TH day of May 2007.

Honorable Dickinson R. Debevoise, U.S.C.J.