

ENTERED
CLERK, U.S. DISTRICT COURT

APR - 4 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 3 _ 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MORRIS USA INC., | Case No.: CV05-3278 CAS (SHx) |
| Plaintiff, | **[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT YVONNE WONG (ERRONEOUSLY SUED AS YOVENNE WONG), INDIVIDUALLY AND DOING BUSINESS AS DOUGH BOY DONUTS & CROISSANTS** |
| v. | |
| HOGAN HOSKIN, *et al.*, | |
| Defendants. | |
| | Hearing Date: April 3, 2006<br>Time: 10:00 a.m.<br>Courtroom: 5 |
| | Honorable Christina A. Snyder |

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly

served a Summons and Complaint upon Defendant Yvonne Wong (erroneously sued

as Yovenne Wong), individually and doing business as Dough Boy Donuts &

Croissants ("Defendant"), and Defendant having failed to timely respond to the

complaint, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

**THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).**

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT YVONNE
WONG (ERRONEOUSLY SUED AS YOVENNE WONG), INDIVIDUALLY AND DOING BUSINESS AS
DOUGH BOY DONUTS & CROISSANTS

1.    This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition and trademark infringement in violation of the common law of the State of California. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2.    Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.    Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.    Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United

2

1   States, and these marks have consequently developed significant goodwill, have

2   become distinctive, and have acquired secondary meaning. As a result of the sale of

3   counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris

4   USA is suffering a loss of the enormous goodwill associated with the Philip Morris

5   USA Marks, and is losing profits from lost sales of genuine products.

6          5.    Beginning on or about February 27, 2003, and subsequent to Philip

7   Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant

8   Yvonne Wong, individually and doing business as Dough Boy Doughnuts &

9   Croissants, offered for sale and sold to the general public counterfeit MARLBORO®

10  and/or MARLBORO LIGHTS® brand cigarettes.

11         6.    Philip Morris USA filed the Complaint in this action on May 2, 2005,

12  and filed the First Amendment Complaint in this action on May 17, 2005.

13         7.    Defendant was served with the Summons and First Amended Complaint

14  on June 6, 2005. Entry of Default against Defendant was recorded on August 26,

15  2005, for Defendant's failure to timely respond to Plaintiff's complaint. On March 6,

16  2006, Plaintiff presented this Court with its Application for Default Judgment against

17  Defendants. Defendant has not filed any opposition to this application.

18         8.    Accordingly, it is hereby **ORDERED** that Defendant, and Defendant's

19  officers, agents, servants, employees, and attorneys, and all persons in active concert

20  or participation with Defendant, are hereby **PERMANENTLY ENJOINED** from

21         (i)    purchasing, selling, offering for sale, or otherwise using in commerce

22                any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand

23                cigarettes; and

24         (ii)   assisting, aiding or abetting any other person or entity in purchasing,

25                selling, offering for sale, or otherwise using in commerce any

26                counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand

27                cigarettes.

28         (iii)  interfering with or impeding in any way the inspections authorized by

3

1    paragraph 9 of this Order.

2        9.    **IT IS FURTHER ORDERED THAT** the Defendants cooperate in

3    good faith with Philip Morris USA in future investigations of counterfeit cigarette

4    sales at their retail establishments, including but not limited to (a) permitting

5    representatives of an investigative firm under contract with Philip Morris USA to

6    conduct inspections, without notice, of Defendants' inventories of to determine

7    whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS®

8    trademarks are counterfeit (such inspections may proceed at any Defendant retail

9    outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open

10   for business) and to retain possession of any such MARLBORO® and/or

11   MARLBORO LIGHTS® brand cigarettes determined to be counterfeit;

12   (b) responding to reasonable requests for information about Defendants' suppliers of

13   MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with

14   Philip Morris USA's representatives in their investigations of any suppliers of

15   MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

16       10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C.

17   § 1117(c), Defendant is liable to Plaintiff in the amount of $15,000 for violations of

18   Sections 32 and 43(a) of the Lanham Act.

19       11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff

20   for attorneys' fees in the amount of $2,100 and costs in the amount of $71.39.

21       12.    Upon entry of this Default Judgment and Permanent Injunction, any

22   bond or undertaking Philip Morris USA has filed in this action as to Defendant shall

23   be deemed exonerated and the original of such bond or undertaking shall be returned

24   to Philip Morris USA.

25       13.    The terms of this Default Judgment and Permanent Injunction shall be

26   enforceable against Defendant, Defendant's successors in interest and assigns, and

27   any persons or business entities working in concert with Defendant.

28

4

14.   There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

13.   The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

IT IS SO ORDERED

DATED:  4/3/06          _____
                            Hon. Christina A. Snyder

Submitted by:

HELLER EHRMAN LLP
John C. Ulin (No. 165524)
Patricia K. Oliver (No. 193423)
Anna Buono-Zusman (No. 232753)
333 S. Hope Street, 39th Floor
Los Angeles, California 90071
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

By  _____
        John C. Ulin

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT YVONNE WONG (ERRONEOUSLY SUED AS YOVENNE WONG), INDIVIDUALLY AND DOING BUSINESS AS DOUGH BOY DONUTS & CROISSANTS