Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                  Plaintiff,<br><br>    v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>                  Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

**AFFIDAVIT OF JAMES G. RYAN IN SUPPORT
OF MOTION FOR DEFAULT JUDGMENTS AGAINST
<u>CERTAIN DEFENDANTS ON BEHALF OF PHILIP MORRIS USA</u>**

STATE OF NEW YORK     )
                            )    ss.:

COUNTY OF NASSAU      )

JAMES G. RYAN, being duly sworn, deposes and says:

      1.     I am a member of the Bar of this Court and am a member of the law firm of Cullen and Dykman LLP, co-counsel to Heller Ehrman LLP, attorneys for Plaintiff Philip Morris USA Inc. ("Philip Morris USA"). I am fully familiar with the facts and circumstances surrounding this action. I make this declaration in support of Philip Morris USA Inc.'s Motion for Default Judgments Against certain Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

      2.     Specifically, Philip Morris USA seeks a default judgment against the following Defendants:

- LA FAVORITA DELI GROCERY CORP., a New York corporation doing business as LA FAVORITA DELI GROCERY ("La Favorita");

- UPTOWN DELI & GROCERY CORP., a New York corporation doing business as TAIZ GROCERY ("Uptown Deli");

- I & I CONVENIENCE STORE INC., a New York corporation doing business as I & I CONVENIENCE STORE ("I & I Convenience Store");

- TW DELI & GROCERY CORP., a New York corporation doing business as JEROME DELI GROCERY ("TW Deli");

- LEENA DELI & GROCERY CORP., a New York corporation doing business as LEENA DELI & GROCERY ("Leena Deli");

- MENZAL S. AZOOKARI, individually and doing business as SOUTHERN BLVD. DELI ("Azookari");

2

- BRONX #1 DISCOUT GROCERY CORP., a New York corporation doing business as NY #1 DISCOUNT GROCERY ("Bronx #1 Discount Grocery");

- ADEL ELSAIDI, individually and doing business as NY BEST DELI GROCERY ("Elsaidi");

- R H S GROCERY, INC., a New York corporation doing business as RHS DELI GROCERY ("RHS Deli Grocery"); and

- UNIVERSITY DELI & GROCERY CORP., a New York corporation doing business as UNIVERSITY DELI ("University Deli").

3.    Philip Morris USA commenced this action on September 26, 2007 by the filing of the Summons and Complaint.  A true and correct copy of the Summons and Complaint (without exhibits) is annexed hereto as Exhibit "A."

4.    Set forth below are the specific facts concerning service of process on each defendant and the Defendants' subsequent default as noted by the Clerk of the Court.  The affidavits of service on all of the Defendants are collectively attached hereto as Exhibit "B" and the Clerk's Certificates of Default for all of the Defendants are collectively attached hereto as Exhibit "C."

**La Favorita**

5.    In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 2, 2007, Vincent Urena, a manager and authorized agent of La Favorita accepted service of the Summons and Complaint on behalf of La Favorita at the business address of 3515 Rochambeau Avenue, Bronx, New York 10459.  Furthermore, on October 11, 2007, Jose Martinez, a manager and authorized agent of La Favorita, c/o ABS & Co. accepted service of the Summons and Complaint on behalf of La Favorita at the business address of 1866 Wood Avenue, Bronx, New

3

York 10460. These facts are set forth in the Affidavit of Service of Bethel Debnam, sworn to October 2, 2007, and Affidavit of Service of Curtis D. Duncan sworn to on October 11, 2007, true and correct copies of which are annexed hereto as part of Exhibit "B."

  6. La Favorita has not answered the Complaint or otherwise defended the action, and the time for La Favorita to answer the Complaint has expired.

  7. Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against La Favorita. A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

  8. Upon information and belief, La Favorita is not an infant, in the military or an incompetent person.

  9. Philip Morris USA seeks reimbursement of costs in the amount of $62.14. These costs reflect La Favorita's *pro rata* share of filing fees ($7.14) and the cost of serving La Favorita ($55.00).

**Uptown Deli**

  10. In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 1, 2007, Muhamed Ismeil, a manager and authorized agent of Uptown Deli, accepted service of the Summons and Complaint on behalf of Uptown Deli. This is set forth in the Affidavit of Service of Bethel Debnam, sworn to October 2, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

  11. Uptown Deli has not answered the Complaint or otherwise defended the action, and the time for Uptown Deli to answer the Complaint has expired.

12.    Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Uptown Deli.  A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

13.    Upon information and belief, Uptown Deli is not an infant, in the military or an incompetent person.

14.    Philip Morris USA seeks reimbursement of costs in the amount of $62.14. These costs reflect Uptown Deli's *pro rata* share of filing fees ($7.14) and the cost of serving Uptown Deli ($55.00).

**I & I Convenience Store**

15.    In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 11, 2007, Ali Mohamed, a manager and authorized agent of I & I Convenience Store, accepted service of the Summons and Complaint on behalf of I & I Convenience Store.  This is set forth in the Affidavit of Service of Curtis D. Duncan, sworn to October 11, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

16.    I & I Convenience Store has not answered the Complaint or otherwise defended the action, and the time for I & I Convenience Store to answer the Complaint has expired.

17.    Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against I & I Convenience Store.  A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

18.    Upon information and belief, I & I Convenience Store is not an infant, in the military or an incompetent person.

19.    Philip Morris USA seeks reimbursement of costs in the amount of $62.14.
These costs reflect I & I Convenience Store's *pro rata* share of filing fees ($7.14) and the cost
of serving I & I Convenience Store ($55.00).

**TW Deli**

20.    In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 2, 2007, Nage
Shuawat, a manager and authorized agent of TW Deli, accepted service of the Summons and
Complaint on behalf of TW Deli.  This is set forth in the Affidavit of Service of Bethel
Debnam, sworn to October 2, 2007, a true and correct copy of which is annexed hereto as part
of Exhibit "B."

21.    TW Deli has not answered the Complaint or otherwise defended the action, and
the time for TW Deli to answer the Complaint has expired.

22.    Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default
was obtained against TW Deli.  A copy of the Clerk's Certificate of Default is annexed hereto
as part of Exhibit "C."

23.    Upon information and belief, TW Deli is not an infant, in the military or an
incompetent person.

24.    Philip Morris USA seeks reimbursement of costs in the amount of $62.14.
These costs reflect TW Deli's *pro rata* share of filing fees ($7.14) and the cost of serving TW
Deli ($55.00).

**Leena Deli**

25.    In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 25, 2007, Fernando
Lopez, a manager and authorized agent of Leena Deli, accepted service of the Summons and
Complaint on behalf of Leena Deli.  This is set forth in the Affidavit of Service of Curtis D.

6

Duncan, sworn to October 25, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

26.     Leena Deli has not answered the Complaint or otherwise defended the action, and the time for Leena Deli to answer the Complaint has expired.

27.     Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Leena Deli.  A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

28.     Upon information and belief, Leena Deli is not an infant, in the military or an incompetent person.

29.     Philip Morris USA seeks reimbursement of costs in the amount of $62.14. These costs reflect Leena Deli's *pro rata* share of filing fees ($7.14) and the cost of serving Leena Deli ($55.00).

**Azookari**

30.     In accordance with Fed. R. Civ. P. Rule 4(e)(2), on September 28, 2007, Ali Ahmed, a person of suitable age and discretion, accepted service of the Summons and Complaint on behalf of Azookari.  This is set forth in the Affidavit of Service of Bethel Debnam, sworn to October 2, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

31.     Azookari has not answered the Complaint or otherwise defended the action, and the time for Azookari to answer the Complaint has expired.

32.     Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Azookari.  A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

33.    Upon information and belief, Azookari is not an infant, in the military or an incompetent person.

34.    Philip Morris USA seeks reimbursement of costs in the amount of $62.14. These costs reflect Azookari's *pro rata* share of filing fees ($7.14) and the cost of serving Azookari ($55.00).

**Bronx #1 Discount Grocery**

35.    In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 2, 2007, Mohamed Ould, a manager and authorized agent of Bronx #1 Discount Grocery, accepted service of the Summons and Complaint on behalf of Bronx #1 Discount Grocery. This is set forth in the Affidavit of Service of Bethel Debnam, sworn to October 3, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

36.    Bronx #1 Discount Grocery has not answered the Complaint or otherwise defended the action, and the time for Bronx #1 Discount Grocery to answer the Complaint has expired.

37.    Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Bronx #1 Discount Grocery. A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

38.    Upon information and belief, Bronx #1 Discount Grocery is not an infant, in the military or an incompetent person.

39.    Philip Morris USA seeks reimbursement of costs in the amount of $62.14. These costs reflect Bronx #1 Discount Grocery's *pro rata* share of filing fees ($7.14) and the cost of serving Bronx #1 Discount Grocery ($55.00).

8

**Elsaidi**

40.     In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 1, 2007, Adel Elsaidi personally accepted service of the Summons and Complaint. This is set forth in the Affidavit of Service of Bethel Debnam, sworn to October 2, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

41.     Elsaidi has not answered the Complaint or otherwise defended the action, and the time for Elsaidi to answer the Complaint has expired.

42.     Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Elsaidi. A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

43.     Upon information and belief, Elsaidi is not an infant, in the military or an incompetent person.

44.     Philip Morris USA seeks reimbursement of costs in the amount of $62.14. These costs reflect Elsaidi's *pro rata* share of filing fees ($7.14) and the cost of serving Elsaidi ($55.00).

**RHS Deli Grocery**

45.     In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 1, 2007, Jose Cruz, a manager and authorized agent of RHS Deli Grocery, accepted service of the Summons and Complaint on behalf of RHS Deli Grocery. This is set forth in the Affidavit of Service of Bethel Debnam, sworn to October 2, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

46.     RHS Deli Grocery has not answered the Complaint or otherwise defended the action, and the time for RHS Deli Grocery to answer the Complaint has expired.

9

47.    Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against RHS Deli Grocery.  A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

48.    Upon information and belief, RHS Deli Grocery is not an infant, in the military or an incompetent person.

49.    Philip Morris USA seeks reimbursement of costs in the amount of $62.14. These costs reflect RHS Deli Grocery's *pro rata* share of filing fees ($7.14) and the cost of serving RHS Deli Grocery ($55.00).

**University Deli**

50.    In accordance with Fed. R. Civ. P. Rule 4(e)(2), on October 1, 2007, Muhev Shart, a manager and authorized agent of University Deli, accepted service of the Summons and Complaint on behalf of University Deli.  This is set forth in the Affidavit of Service of Curtis D. Duncan, sworn to October 2, 2007, a true and correct copy of which is annexed hereto as part of Exhibit "B."

51.    University Deli has not answered the Complaint or otherwise defended the action, and the time for University Deli to answer the Complaint has expired.

52.    Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against University Deli.  A copy of the Clerk's Certificate of Default is annexed hereto as part of Exhibit "C."

53.    Upon information and belief, University Deli is not an infant, in the military or an incompetent person.

10

54.    Philip Morris USA seeks reimbursement of costs in the amount of $62.14.
These costs reflect University Deli's *pro rata* share of filing fees ($7.14) and the cost of serving
University Deli ($55.00).

**Default Judgments and Consent Judgments Awarded in Favor of Philip Morris USA**

55.    Federal judges across the country and in this district have awarded Philip Morris
USA similar relief on default judgment motions against identically situated counterfeit-selling
retailers who failed to respond to claims against them.  Annexed hereto as Exhibit "D" is a
chart listing twenty-nine (29) of these awards.

56.    True and correct copies of other Default Judgments that have been entered
against identically situated retailers by this Court as well as the U.S. District Courts for the
Eastern District of New York, the District of New Jersey and the Central and Eastern District of
California are attached hereto as follows:

- Default Judgment entered in *Philip Morris USA Inc. v. Sanchez, et al.*, 05CV4317 (S.D.N.Y.) (HB) against Defendant Saleh M. Nagi, individually and d/b/a Nagi Corner Deli (Exhibit "E");

- Default Judgment entered in *Philip Morris USA Inc. v. Sanchez, et al.*, 05CV4317 (S.D.N.Y.) (HB) against Defendant Juan Sanchez, individually and d/b/a Famillia Grocery (Exhibit "F");

- Default Judgment entered in *Philip Morris USA Inc. v. La Palma Meat Market Corp., et al.*, 05CV2104 (E.D.N.Y.) (ILG) against Defendant 116 Tony's Grocery Inc. d/b/a Tony's Grocery (Exhibit "G");

11

- Default Judgment entered in *Philip Morris USA Inc. v. Peralta Food Market Corp., et al.,* 06CV479 (D.N.J.) (DRD) against Defendant Julumel Inc. d/b/a Food Plaza-Newark a/k/a La Esperanza (Exhibit "H");

- Default Judgment entered in *Philip Morris USA Inc. v. Hoskin, et al.,* CV05-3278 CAS (SHx) against Defendant Paniagua Guadalupe, individually and d/b/a Lupitas Mini Market (Exhibit "I");

- Default Judgment entered in *Philip Morris USA Inc. v. Hoskin, et al.,* CV05-3278 CAS (SHx) against Defendant Socha Peche, individually and d/b/a King Donuts (Exhibit "J");

- Default Judgment entered in *Philip Morris USA Inc. v. Hoskin, et al.,* CV05-3278 CAS (SHx) against Defendant Yvonne Wong, individually and d/b/a Dough Boy Donuts & Croissants (Exhibit "K");

- Default Judgment entered in *Philip Morris USA Inc. v. Hoskin, et al.,* CV05-3278 CAS (SHx) against Defendant Rico Sales, Inc. and Rico Merchandise, Inc. as California corporations and d/b/a Discount Rico (Exhibit "L");

- Default Judgment entered in *Philip Morris USA Inc. v. Hoskin, et al.,* CV05-3278 CAS (SHx) against Defendants Juan Rivera and Maricela Zavala, individually and d/b/a as Carniceria Paraiso (Exhibit "M");

- Default Judgment entered in *Philip Morris USA Inc. v. Hoskin, et al.,* CV05-3278 CAS (SHx) against Defendant Daniel Perez, individually and d/b/a Margue La Preciosa (Exhibit "N");

- *Philip Morris USA Inc. v. 51 Produce, Inc. et al.,* CV06-0587 CAS (SHx) against Defendant Bitchet Chey, individually and d/b/a Donut Hut (Exhibit "O");

- Findings and Recommendations entered in *Philip Morris USA Inc. v. M&S Market, Inc. et al.,* No. CIV.S-06-0133 WBS (DAD) against Defendant Roy Keltner, individually and d/b/a London General Store – Dinuba, and Defendant M&S market, Inc., and Bengals, Inc. d/b/a Old Towne Food Market (Exhibit "P");

- Memorandum and Order Regarding Application for Default Judgment entered in *Philip Morris USA Inc. v. Shalabi et al.,* No. CV03-4037 (GAF) (PJWx) against one hundred and twenty five (125) Defendants (Exhibit "Q").

57.    The requested terms of the proposed injunction are identical to the terms of Consent Judgments that have been entered against identically situated retailers by this Court as well as by the U.S. District Courts for the Eastern District of New York, the District of New Jersey and for the Central and Eastern Districts of California, among numerous other jurisdictions.

58.    True and correct copies of Consent Judgments that have been entered against identically situated retailers in this Court as well as by U.S. District Courts for the Eastern District of New York and District of New Jersey are attached hereto as follows:

- Consent Judgment entered in *Philip Morris USA Inc. v. Naranjo Corp., et. al.,* 07-CV-4020 (E.D.N.Y.) (FB) against Defendant Eddy Valdez (Exhibit "R").

13

- Consent Judgment entered in *Philip Morris USA Inc. v. Naranjo Corp., et. al.*, 07-CV-4020 (E.D.N.Y.) (FB) against Defendant Kay Patel a/k/a Kay Gosalia (Exhibit "S").

- Consent Judgment entered in *Philip Morris USA Inc. v. Naranjo Corp., et. al.*, 07-CV-4020 (E.D.N.Y.) (FB) against Defendant Robert Ramirez (Exhibit "T").

- Consent Judgment entered in *Philip Morris USA Inc. v. Naranjo Corp., et. al.*, 07-CV-8359 (S.D.N.Y.) (LAK) against Defendant Miguel Rodriguez (Exhibit "U").

- Consent Judgment entered in *Philip Morris USA Inc. v. A & V MiniMarket, et. al.*, 07-CV-8359 (S.D.N.Y.) (LAK) against Defendant Kianely Food Corp. (Exhibit "V").

- Consent Judgment entered in *Philip Morris USA Inc. v. A & V MiniMarket, et. al.*, 07-CV-8359 (S.D.N.Y.) (LAK) against Defendant Ramon Salcedo (Exhibit "W").

- Consent Judgment entered in *Philip Morris USA Inc. v. A & V MiniMarket, et. al.*, 07-CV-8359 (S.D.N.Y.) (LAK) against Defendant J & B Deli Grocery Corp. (Exhibit "X").

- Consent Judgment entered in *Philip Morris USA Inc. v. Dorta Bar & Liquors Inc., et. al.*, 07-CV-4599 (D.N.J.) (JAG) against Defendant Fudhael Fnu (Exhibit "Y").

- Consent Judgment entered in *Philip Morris USA Inc. v. Diparun Cards, Inc., et al.*, 03-CV-1030 (E.D.N.Y.) (CPS) against Defendant L&R Deli & Grocery (Exhibit "Z").

14

- Consent Judgment entered in *Philip Morris USA Inc. v. Diparun Cards, Inc., et al.,* 03-CV-1030 (E.D.N.Y.) (CPS) against Defendant Visat Corp. (Exhibit "AA").

- Consent Judgment entered in *Philip Morris USA Inc. v. Hadi, et al.,* 03-CV-1438 (S.D.N.Y.) (RMB) against Defendant Quick Stop Grocery (Exhibit "BB").

- Consent Judgment entered in *Philip Morris USA Inc. v. Hadi, et al.,* 03-CV-1438 (S.D.N.Y.) (RMB) against Defendant Superior Deli & Grocery (Exhibit "CC").

- Consent Judgment entered in *Philip Morris USA Inc. v. Krupa Corp., et al.,* 04-CV-2920 (D.N.J.) (WJM) against Defendant Krupa Corporation (Exhibit "DD").

- Consent Judgment entered in *Philip Morris USA Inc. v. Rogue Tineo, et al.,* 06-CV-16820 (S.D.N.Y.) (AKH) against Defendant Melomania Deli Food Corp. (Exhibit "EE").

- Consent Judgment entered in *Philip Morris USA Inc. v. Rafael Hernandez et al.,* 06-CV-6820 (S.D.N.Y.) (AKH) against Defendant Eugenio Hernandez (Exhibit "FF").

JAMES G. RYAN

Sworn to before me this
1st day of August, 2008.

Notary Public

Sharon A. Cuffie
Notary Public, State of New York
No. 01CU6020584
Qualified in Suffolk County
Commission Expires March 01, 20 11

15

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>        Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED**<br><br>**PLAINTIFF'S PROPOSED FINDINGS OF FACT IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND <u>STATUTORY DAMAGES</u>** |

Plaintiff Philip Morris USA Inc. ("Philip Morris USA") submits the following Proposed Findings of Fact for the Court to consider and adopt concerning Philip Morris USA's application for default judgment and the award of statutory damages. As set forth in the

accompanying Memorandum of Law in Support of Plaintiff's Motion for Default Judgment Against Certain Defendants and the accompanying Affidavit of James G. Ryan, Philip Morris USA seeks a default judgment against the following Defendants:

- LA FAVORITA DELI GROCERY CORP., a New York corporation doing business as LA FAVORITA DELI GROCERY ("La Favorita");

- UPTOWN DELI & GROCERY CORP., a New York corporation doing business as TAIZ GROCERY ("Uptown Deli");

- I & I CONVENIENCE STORE INC., a New York corporation doing business as I & I CONVENIENCE STORE ("I & I Convenience Store");

- TW DELI & GROCERY CORP., a New York corporation doing business as JEROME DELI GROCERY ("TW Deli");

- LEENA DELI & GROCERY CORP., a New York corporation doing business as LEENA DELI & GROCERY ("Leena Deli");

- MENZAL S. AZOOKARI, individually and doing business as SOUTHERN BLVD. DELI ("Azookari");

- BRONX #1 DISCOUT GROCERY CORP., a New York corporation doing business as NY #1 DISCOUNT GROCERY ("Bronx #1 Discount Grocery");

- ADEL ELSAIDI, individually and doing business as NY BEST DELI GROCERY ("Elsaidi");

- R H S GROCERY, INC., a New York corporation doing business as RHS DELI GROCERY ("RHS Deli Grocery"); and

- UNIVERSITY DELI & GROCERY CORP., a New York corporation doing business as UNIVERSITY DELI ("University Deli").

2

## FINDINGS OF FACT

1.      Philip Morris USA commenced this action on September 26, 2007 by the filing of the Summons and Complaint against the proprietors of retail establishments that were caught selling counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes in violation of the Lanham Act and New York State law.  A true and correct copy of the Summons and Complaint is attached to the Affidavit of James G. Ryan, sworn to on August 1, 2008 ("Ryan Affidavit") as Exhibit A ("Ryan Exh.").

2.      In its Complaint, Philip Morris USA asserts claims for (i) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of the common law of the State of New York; (iv) trademark infringement in violation of the common law of the State of New York; (v) deceptive acts and practices in violation of New York General Business Law Section 349; and (vi) trademark infringement in violation of New York General Business Law Sections 360-k *et seq*.  The allegations in the Complaint, all of which must now be deemed true, establish all of the necessary elements of Philip Morris USA's claims.  (Complaint, ¶ 3, Ryan Exh. A).

3.      As set forth below, all of the Defendants are in default, and Philip Morris USA has met all of the procedural requirements for entry of a default judgment.  (Ryan Affidavit, ¶ 5-54).  Philip Morris USA has elected to pursue statutory damages from each Defendant in the amount of $2,000 and costs in the amount of $62.14.  (Ryan Affidavit, ¶ 9, 14, 19, 24, 29, 34, 39, 44, 49 and 54).  The Lanham Act permits a prevailing plaintiff to forego actual damages and elect statutory damages of "not less than $500 or more than $100,000 per counterfeit mark

3

per type of goods or services sold, offered for sale, or distributed, as the court considers just."

15 U.S.C. § 1117(c).  A finding of Defendants' liability under the Lanham Act entitles Philip

Morris USA to recover its costs.  15 U.S.C. § 1117(a).

      4.     In this case, Defendants sold counterfeit cigarettes that infringed at least the

following trademarks, which are owned by Philip Morris USA:

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

(Complaint, ¶¶ 4, 11).  These trademarks are all valid and incontestable.  *See* 15 U.S.C. § 1065.

MARLBORO® cigarettes contain two distinct Philip Morris USA trademarks: (1) the

MARLBORO® or MARLBORO LIGHTS® name, and (2) the MARLBORO Red Label® or

MARLBORO LIGHTS Label®.  The sale of one counterfeit pack infringes upon two separate

Philip Morris USA trademarks.  (Complaint, ¶ 11 (Ryan Exh. A); Complaint Exh. B-E).

**Defendant La Favorita**

      5.     Defendant  La Favorita was served with the Summons and Complaint on

October 2, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2).  (Ryan Affidavit, ¶ 5; Ryan

Exh. B).

      6.     Defendant La Favorita did not answer the Complaint or otherwise defend the

action, and the time for Defendant La Favorita to answer the Complaint has expired.  Pursuant

to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against

Defendant La Favorita. (Ryan Affidavit, ¶¶ 6-7; Ryan Exh. C). Defendant La Favorita is not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 8).

7.      Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant La Favorita. On May 15, 2007, Defendant La Favorita sold counterfeit MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the MARLBORO® name and the MARLBORO Red Label®. (Complaint, Exh. A). In light of Defendant La Favorita's sale of counterfeit MARLBORO® cigarettes, its knowledge of this lawsuit, and its failure to satisfy its procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

8.      Philip Morris USA also seeks costs in the modest amount of $62.14. These costs reflect Defendant La Favorita's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant La Favorita ($55.00). (Ryan Affidavit, ¶ 9).

9.      In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant La Favorita from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

**Defendant Uptown Deli**

10.      Defendant  Uptown Deli was served with the Summons and Complaint on October 1, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2). (Ryan Affidavit, ¶ 10; Ryan Exh. B).

11.      Defendant Uptown Deli did not answer the Complaint or otherwise defend the action, and the time for Defendant Uptown Deli to answer the Complaint has expired. Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against

Defendant Uptown Deli. (Ryan Affidavit, ¶¶ 11-12; Ryan Exh. C). Defendant Uptown Deli is

not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 13).

12.     Philip Morris USA seeks statutory damages in the amount of $2,000 from

Defendant Uptown Deli. On May 14, 2007, Defendant Uptown Deli sold counterfeit

MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the

MARLBORO® name and the MARLBORO Red Label®. (Complaint, Exh. A). In light of

Defendant Uptown Deli's sale of counterfeit MARLBORO® cigarettes, its knowledge of this

lawsuit, and its failure to satisfy its procedural obligations in this litigation, a statutory award of

$2,000 is both fair and reasonable.

13.     Philip Morris USA also seeks costs in the modest amount of $62.14. These

costs reflect Defendant Uptown Deli's *pro rata* share of filing fees ($7.14) and the cost of

serving Defendant Uptown Deli ($55.00). (Ryan Affidavit, ¶ 14).

14.     In sum, Philip Morris USA seeks (1) a permanent injunction enjoining

Defendant Uptown Deli from continuing to sell counterfeit MARLBORO® and/or

MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in

the amount of $2,000; and (3) costs in the amount of $62.14.

**Defendant I & I Convenience Store**

15.     Defendant  I & I Convenience Store was served with the Summons and

Complaint on October 11, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2). (Ryan

Affidavit, ¶ 15; Ryan Exh. B).

16.     Defendant I & I Convenience Store did not answer the Complaint or otherwise

defend the action, and the time for Defendant I & I Convenience Store to answer the Complaint

has expired. Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default

6

was obtained against Defendant I & I Convenience Store. (Ryan Affidavit, ¶¶ 16-17; Ryan Exh. C). Defendant I & I Convenience Store is not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 18).

17.     Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant I & I Convenience Store. On May 28, 2007, Defendant I & I Convenience Store sold counterfeit MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the MARLBORO® name and the MARLBORO Red Label®. (Complaint, Exh. A). In light of Defendant I & I Convenience Store's sale of counterfeit MARLBORO® cigarettes, its knowledge of this lawsuit, and its failure to satisfy its procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

18.     Philip Morris USA also seeks costs in the modest amount of $62.14. These costs reflect Defendant I & I Convenience Store's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant I & I Convenience Store ($55.00). (Ryan Affidavit, ¶ 19).

19.     In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant I & I Convenience Store from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

**Defendant TW Deli**

20.     Defendant TW Deli was served with the Summons and Complaint on October 2, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2). (Ryan Affidavit, ¶ 20; Ryan Exh. B).

21.     Defendant TW Deli did not answer the Complaint or otherwise defend the action, and the time for Defendant TW Deli to answer the Complaint has expired. Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against

Defendant TW Deli.  (Ryan Affidavit, ¶¶ 21-22; Ryan Exh. C).  Defendant TW Deli is not an

infant, in the military or an incompetent person.  (Ryan Affidavit, ¶ 23).

22.     Philip Morris USA seeks statutory damages in the amount of $2,000 from

Defendant TW Deli.  On April 21, 2007, Defendant TW Deli sold counterfeit MARLBORO

LIGHTS® cigarettes, which infringed upon two Philip Morris USA trademarks, the

MARLBORO LIGHTS® name and the MARLBORO LIGHTS Label®.  (Complaint, Exh. A).

In light of Defendant TW Deli's sale of counterfeit MARLBORO LIGHTS® cigarettes, its

knowledge of this lawsuit, and its failure to satisfy its procedural obligations in this litigation, a

statutory award of $2,000 is both fair and reasonable.

23.     Philip Morris USA also seeks costs in the modest amount of $62.14.  These

costs reflect Defendant TW Deli's *pro rata* share of filing fees ($7.14) and the cost of serving

Defendant TW Deli ($55.00).  (Ryan Affidavit, ¶ 24).

24.     In sum, Philip Morris USA seeks (1) a permanent injunction enjoining

Defendant TW Deli from continuing to sell counterfeit MARLBORO® and/or MARLBORO

LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of

$2,000; and (3) costs in the amount of $62.14.

**Defendant Leena Deli**

25.     Defendant  Leena Deli was served with the Summons and Complaint on October

25, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2).  (Ryan Affidavit, ¶ 25; Ryan Exh. B).

26.     Defendant Leena Deli did not answer the Complaint or otherwise defend the

action, and the time for Defendant Leena Deli to answer the Complaint has expired.  Pursuant

to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against

Defendant Leena Deli. (Ryan Affidavit, ¶¶ 26-27; Ryan Exh. C). Defendant Leena Deli is not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 28).

27. Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant Leena Deli. On June 6, 2007, Defendant Leena Deli sold counterfeit MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the MARLBORO® name and the MARLBORO Red Label®. (Complaint, Exh. A). In light of Defendant Leena Deli's sale of counterfeit MARLBORO® cigarettes, its knowledge of this lawsuit, and its failure to satisfy its procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

28. Philip Morris USA also seeks costs in the modest amount of $62.14. These costs reflect Defendant Leena Deli's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant Leena Deli ($55.00). (Ryan Affidavit, ¶ 29).

29. In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant Leena Deli from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

**Defendant Azookari**

30. Defendant Azookari was served with the Summons and Complaint on September 28, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2). (Ryan Affidavit, ¶ 30; Ryan Exh. B).

31. Defendant Azookari did not answer the Complaint or otherwise defend the action, and the time for Defendant Azookari to answer the Complaint has expired. Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against

9

Defendant Azookari. (Ryan Affidavit, ¶¶ 31-32; Ryan Exh. C). Defendant Azookari is not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 33).

32.    Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant Azookari. On May 15, 2007, Defendant Azookari sold counterfeit MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the MARLBORO® name and the MARLBORO Red Label®. (Complaint, Exh. A). In light of Defendant Azookari's sale of counterfeit MARLBORO® cigarettes, his knowledge of this lawsuit, and his failure to satisfy his procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

33.    Philip Morris USA also seeks costs in the modest amount of $62.14. These costs reflect Defendant Azookaria's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant Azookari ($55.00). (Ryan Affidavit, ¶ 34).

34.    In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant Azookari from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

**Defendant Bronx #1 Discount Grocery**

35.    Defendant Bronx #1 Discount Grocery was served with the Summons and Complaint on October 2, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2). (Ryan Affidavit, ¶ 35; Ryan Exh. B).

36.    Defendant Bronx #1 Discount Grocery did not answer the Complaint or otherwise defend the action, and the time for Defendant Bronx #1 Discount Grocery to answer the Complaint has expired. Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's

Certificate of Default was obtained against Defendant Bronx #1 Discount Grocery.  (Ryan Affidavit, ¶¶ 36-37; Ryan Exh. C).  Defendant Bronx #1 Discount Grocery is not an infant, in the military or an incompetent person.  (Ryan Affidavit, ¶ 38).

37.    Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant Bronx #1 Discount Grocery.  On May 13, 2007, Defendant Bronx #1 Discount Grocery sold counterfeit MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the MARLBORO® name and the MARLBORO Red Label®.  (Complaint, Exh. A).  In light of Defendant Bronx #1 Discount Grocery's sale of counterfeit MARLBORO® cigarettes, its knowledge of this lawsuit, and its failure to satisfy its procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

38.    Philip Morris USA also seeks costs in the modest amount of $62.14.  These costs reflect Defendant Bronx #1 Discount Grocery's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant Bronx #1 Discount Grocery ($55.00).  (Ryan Affidavit, ¶ 39).

39.    In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant Bronx #1 Discount Grocery from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

**Defendant Elsaidi**

40.    Defendant Elsaidi was served with the Summons and Complaint on October 1, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2).  (Ryan Affidavit, ¶ 40; Ryan Exh. B).

41.    Defendant Elsaidi did not answer the Complaint or otherwise defend the action, and the time for Defendant Elsaidi to answer the Complaint has expired.  Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Defendant

Elsaidi. (Ryan Affidavit, ¶¶ 41-42; Ryan Exh. C). Defendant Elsaidi is not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 43).

42.    Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant Elsaidi. On May 12, 2007, Defendant Azookari sold counterfeit MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the MARLBORO® name and the MARLBORO Red Label®. (Complaint, Exh. A). In light of Defendant Elsaidi's sale of counterfeit MARLBORO® cigarettes, his knowledge of this lawsuit, and his failure to satisfy his procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

43.    Philip Morris USA also seeks costs in the modest amount of $62.14. These costs reflect Defendant Elsaidi's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant Elsaidi ($55.00). (Ryan Affidavit, ¶ 44).

44.    In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant Elsaidi from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

**Defendant RHS Deli Grocery**

45.    Defendant RHS Deli Grocery was served with the Summons and Complaint on October 1, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2). (Ryan Affidavit, ¶ 45; Ryan Exh. B).

46.    Defendant RHS Deli Grocery did not answer the Complaint or otherwise defend the action, and the time for Defendant RHS Deli Grocery to answer the Complaint has expired.

12

Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Defendant RHS Deli Grocery. (Ryan Affidavit, ¶¶ 46-47; Ryan Exh. C). Defendant RHS Deli Grocery is not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 48).

47.    Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant RHS Deli Grocery. On May 26, 2007, Defendant RHS Deli Grocery sold counterfeit MARLBORO® and MARLBORO LIGHTS® cigarettes, which infringed upon four Philip Morris USA trademarks, the MARLBORO® and MARLBORO LIGHTS® names and the MARLBORO Red Label® and MARLBORO LIGHTS Label®. (Complaint, Exh. A). In light of Defendant RHS Deli Grocery's sale of counterfeit MARLBORO® and MARLBORO LIGHTS® cigarettes, its knowledge of this lawsuit, and its failure to satisfy its procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

48.    Philip Morris USA also seeks costs in the modest amount of $62.14. These costs reflect Defendant RHS Deli Grocery's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant RHS Deli Grocery ($55.00). (Ryan Affidavit, ¶ 49).

49.    In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant RHS Deli Grocery from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

13

**Defendant University Deli**

50.     Defendant University Deli was served with the Summons and Complaint on October 1, 2007 in accordance with Fed. R. Civ. P. Rule 4(e)(2). (Ryan Affidavit, ¶ 50; Ryan Exh. B).

51.     Defendant University Deli did not answer the Complaint or otherwise defend the action, and the time for Defendant University Deli to answer the Complaint has expired. Pursuant to Local Rule 55.1, on March 6, 2008 a Clerk's Certificate of Default was obtained against Defendant University Deli. (Ryan Affidavit, ¶¶ 51-52; Ryan Exh. C). Defendant University Deli is not an infant, in the military or an incompetent person. (Ryan Affidavit, ¶ 53).

52.     Philip Morris USA seeks statutory damages in the amount of $2,000 from Defendant University Deli. On May 8, 2007, Defendant University Deli sold counterfeit MARLBORO® cigarettes, which infringed upon two Philip Morris USA trademarks, the MARLBORO® name and the MARLBORO Red Label®. (Complaint, Exh. A). In light of Defendant University Deli's sale of counterfeit MARLBORO® cigarettes, its knowledge of this lawsuit, and its failure to satisfy its procedural obligations in this litigation, a statutory award of $2,000 is both fair and reasonable.

53.     Philip Morris USA also seeks costs in the modest amount of $62.14. These costs reflect Defendant University Deli's *pro rata* share of filing fees ($7.14) and the cost of serving Defendant University Deli ($55.00). (Ryan Affidavit, ¶ 54).

14

54.    In sum, Philip Morris USA seeks (1) a permanent injunction enjoining Defendant University Deli from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes; (2) statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000; and (3) costs in the amount of $62.14.

Dated:  August 1, 2008            Respectfully submitted,
        Garden City, New York

            CULLEN AND DYKMAN LLP

By: _____
        James G. Ryan (JR 9446)
        Marianne McCarthy (MM 8807)
        100 Quentin Roosevelt Boulevard
        Garden City, New York 11530
        Telephone:  (516) 357-3700
        Facsimile:  (516) 357-3792

        *Of counsel:*

        Jennifer L. Larson (JL 8114)
        HELLER EHRMAN LLP
        Times Square Tower
        7 Times Square
        New York, New York 10036
        Telephone:  (212) 832-8300
        Facsimile:  (212) 763-7600

        *Attorneys for Plaintiff Philip Morris USA Inc.*

15

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*, <br><br> Defendants. | No. 07 Civ. 8359 (LAK)(GWG) <br><br> **ELECTRONICALLY FILED** |

## [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT LA FAVORITA DELI GROCERY CORP.

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant La Favorita Deli Grocery Corp., a New York

corporation doing business as La Favorita Deli Grocery ("Defendant" or "La Favorita Deli"),

and Defendant having failed to timely respond to the Complaint, it is hereby **ORDERED,**
**ADJUDGED** and **DECREED** as follows:

1.      This is an action for: (i) federal trademark infringement in violation of the Lanham
Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15
U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv)
trademark infringement in violation of New York State common law; (v) deceptive acts and
practices in violation of New York General Business Law § 349; and (vi) trademark
infringement in violation of New York General Business Law §§ 360-k, *et seq*.  This Court has
personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of
the matter in controversy between Philip Morris USA and Defendant.  Venue in this judicial
district is proper.

2.      Defendant has not made any objections regarding the sufficiency of process or
the sufficiency of service of process in this action.  Any objections the Defendant may have
regarding the sufficiency of process or the sufficiency of service of process in this action are
hereby deemed waived.

3.      Philip Morris USA manufactures cigarettes, including the famous
MARLBORO® brand, for sale in the United States.  Philip Morris USA is the registered owner
of the following MARLBORO® and MARLBORO®-related trademarks on the Principal
Register of the United States Patent and Trademark Office, all of which are valid, subsisting
and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.      Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.      Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.      Defendant was served with the Summons and Complaint on October 2, 2007. A Clerk's Certificate of Default against La Favorita Deli was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.          Accordingly, it is hereby **ORDERED** that La Favorita Deli, and La Favorita

Deli's officers, agents, servants, employees, and attorneys, and all persons in active concert or

participation with La Favorita Deli are hereby **PERMANENTLY ENJOINED** from:

(i)        purchasing, selling, offering for sale, or otherwise using in commerce any

counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii)       assisting, aiding or abetting any other person or entity in purchasing, selling,

offering for sale, or otherwise using in commerce any counterfeit

MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii)      interfering with or impeding in any way the inspections authorized by

paragraph 9 of this Order.

9.          **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with

Philip Morris USA in future investigations of counterfeit cigarette sales at its retail

establishments, including but not limited to (a) permitting representatives of an investigative

firm under contract with Philip Morris USA to conduct inspections, without notice, of

Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or

MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any

Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is

open for business) and to retain possession of any such MARLBORO® and/or MARLBORO

LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests

for information about Defendant's suppliers of MARLBORO® and/or MARLBORO

LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their

investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.      **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.      **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $62.14.

12.      Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.      The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.      There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

15.     The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

IT IS SO ORDERED

DATED _____

                             _____

                             UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                              Plaintiff,<br><br>        v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>                              Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT UPTOWN DELI & GROCERY CORP.

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant Uptown Deli & Grocery Corp., a New York

corporation doing business as Taiz Grocery ("Defendant" or "Uptown Deli"), and Defendant

having failed to timely respond to the Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.      This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2.      Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.      Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.      Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.      Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.      Defendant was served with the Summons and Complaint on October 1, 2007. A Clerk's Certificate of Default against Uptown Deli was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.        Accordingly, it is hereby **ORDERED** that Uptown Deli, and Uptown Deli's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Uptown Deli, are hereby **PERMANENTLY ENJOINED** from:

(i)        purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii)       assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii)      interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.        **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.      **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.      **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $62.14.

12.      Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.      The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.      There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

15.     The Court shall retain jurisdiction to enforce this Default Judgment and

Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this

Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this

matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If

this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have

against Defendant and shall also be entitled to recover its attorneys' fees and costs for any

further prosecution of this action.

IT IS SO ORDERED

DATED _____          _____
                                                          UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

6

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*, <br><br> Defendants. | No. 07 Civ. 8359 (LAK)(GWG) <br><br> **ELECTRONICALLY FILED** |

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT I & I CONVENIENCE STORE INC.

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant I & I Convenience Store Inc., a New York

corporation doing business as I & I Convenience Store ("Defendant" or "I & I Convenience

Store"), and Defendant having failed to timely respond to the Complaint, it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1.      This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2.      Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.      Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.      Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.      Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.      Defendant was served with the Summons and Complaint on October 11, 2007. A Clerk's Certificate of Default against I & I Convenience Store was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

8.      Accordingly, it is hereby **ORDERED** that I & I Convenience Store, and I & I Convenience Store's officers, agents, servants, employees, and attorneys, and all persons in

3

active concert or participation with I & I Convenience Store, are hereby **PERMANENTLY ENJOINED** from:

    (i)      purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

    (ii)     assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

    (iii)   interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.        **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $62.14.

12.    Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.    The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.    There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

15.      The Court shall retain jurisdiction to enforce this Default Judgment and
Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this
Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this
matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If
this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have
against Defendant and shall also be entitled to recover its attorneys' fees and costs for any
further prosecution of this action.

IT IS SO ORDERED

DATED _____         _____
                              UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>Plaintiff,<br><br>v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT TW DELI & GROCERY CORP.

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant TW Deli & Grocery Corp., a New York corporation

doing business as Jerome Deli Grocery ("Defendant" or "TW Deli"), and Defendant having

failed to timely respond to the Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.      This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*.  This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant.  Venue in this judicial district is proper.

2.      Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action.  Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.      Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States.  Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.      Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.      Beginning in or about April 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.      Defendant was served with the Summons and Complaint on October 2, 2007. A Clerk's Certificate of Default against TW Deli was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.        Accordingly, it is hereby **ORDERED** that TW Deli, and TW Deli's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with TW Deli, are hereby **PERMANENTLY ENJOINED** from:

    (i)        purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

    (ii)       assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

    (iii)      interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.        **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $62.14.

12.    Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.    The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.    There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

15.     The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

IT IS SO ORDERED

DATED _____

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

6

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                              Plaintiff,<br><br>        v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>                              Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AS TO DEFENDANT LEENA DELI & GROCERY CORP.**

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant Leena Deli & Grocery Corp., a New York

corporation doing business as Leena Deli & Grocery ("Defendant" or "Leena Deli"), and

Defendant having failed to timely respond to the Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.  This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*.  This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant.  Venue in this judicial district is proper.

2.  Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action.  Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.  Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States.  Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.     Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.     Beginning in or about June 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.     Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.     Defendant was served with the Summons and Complaint on October 25, 2007. A Clerk's Certificate of Default against Leena Deli was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.    Accordingly, it is hereby **ORDERED** that Leena Deli, and Leena Deli's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Leena Deli, are hereby **PERMANENTLY ENJOINED** from:

(i)    purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii)    assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii)    interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.    **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.     **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c),

Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a)

of the Lanham Act.

11.     **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the

costs of the action in the amount of $62.14.

12.     Upon entry of this Default Judgment and Permanent Injunction, any bond or

undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed

exonerated and the original of such bond or undertaking shall be returned to Philip Morris

USA.

13.     The terms of this Default Judgment and Permanent Injunction shall be

enforceable against Defendant, Defendant's successors in interest and assigns, and any persons

or business entities working in concert with Defendant.

14.     There being no just reason for delay, the entry of this Default Judgment by the

United States District Court constitutes entry of final judgment as to all remaining claims

asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of

Civil Procedure 54(b).

15.     The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

IT IS SO ORDERED

DATED _____

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

6

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>Plaintiff,<br><br>v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT MENZAL S. AZOOKARI, INDIVIDUALLY AND DOING BUSINESS AS SOUTHERN BLVD. DELI

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant Menzal S. Azookari, individually and doing business

as Southern Blvd. Deli ("Defendant" or "Azookari"), and Defendant having failed to timely respond to the Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.    This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2.    Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.    Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.      Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.      Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.      Defendant was served with the Summons and Complaint on September 28, 2007.  A Clerk's Certificate of Default against Azookari was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.      Accordingly, it is hereby **ORDERED** that Azookari, and Azookari's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Azookari, are hereby **PERMANENTLY ENJOINED** from:

    (i)    purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

    (ii)    assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

    (iii)    interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.      **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $62.14.

12.    Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.    The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.    There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

15.      The Court shall retain jurisdiction to enforce this Default Judgment and

Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this

Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this

matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If

this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have

against Defendant and shall also be entitled to recover its attorneys' fees and costs for any

further prosecution of this action.


IT IS SO ORDERED

DATED _____               _____

                                           UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600



James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792


*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                              Plaintiff,<br><br>        v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>                              Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT
INJUNCTION AS TO DEFENDANT BRONX #1 DISCOUNT GROCERY CORP.**

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant Bronx #1 Discount Grocery Corp., a New York

corporation doing business as NY #1 Discount Grocery ("Defendant" or "Bronx #1 Discount

Grocery"), and Defendant having failed to timely respond to the Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.    This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq.* This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2.    Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.    Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.      Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.      Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.      Defendant was served with the Summons and Complaint on October 2, 2007. A Clerk's Certificate of Default against Bronx #1 Discount Grocery was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

8.      Accordingly, it is hereby **ORDERED** that Bronx #1 Discount Grocery, and Bronx #1 Discount Grocery's officers, agents, servants, employees, and attorneys, and all

3

persons in active concert or participation with Bronx #1 Discount Grocery, are hereby **PERMANENTLY ENJOINED** from:

(i)     purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii)    assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii)   interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.      **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.      **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.      **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $62.14.

12.      Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.      The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.      There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

15.    The Court shall retain jurisdiction to enforce this Default Judgment and

Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this

Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this

matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If

this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have

against Defendant and shall also be entitled to recover its attorneys' fees and costs for any

further prosecution of this action.

IT IS SO ORDERED

DATED _____          _____
                                               UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

6

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*, <br><br> Defendants. | No. 07 Civ. 8359 (LAK)(GWG) <br><br> **ELECTRONICALLY FILED** |

**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT ADEL ELSAIDI, INDIVIDUALLY AND DOING BUSINESS AS NY BEST DELI GROCERY**

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant Adel Elsaidi, individually and doing business as NY

Best Deli Grocery ("Defendant" or "Elsaidi"), and Defendant having failed to timely respond to the Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.      This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2.      Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.      Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.     Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.     Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.     Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.     Defendant was served with the Summons and Complaint on October 1, 2007. A Clerk's Certificate of Default against Elsaidi was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.      Accordingly, it is hereby **ORDERED** that Elsaidi, and Elsaidi's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Elsaidi, are hereby **PERMANENTLY ENJOINED** from:

    (i)      purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

    (ii)     assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

    (iii)    interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.      **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c),

Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a)

of the Lanham Act.

11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the

costs of the action in the amount of $62.14.

12.    Upon entry of this Default Judgment and Permanent Injunction, any bond or

undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed

exonerated and the original of such bond or undertaking shall be returned to Philip Morris

USA.

13.    The terms of this Default Judgment and Permanent Injunction shall be

enforceable against Defendant, Defendant's successors in interest and assigns, and any persons

or business entities working in concert with Defendant.

14.    There being no just reason for delay, the entry of this Default Judgment by the

United States District Court constitutes entry of final judgment as to all remaining claims

asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of

Civil Procedure 54(b).

15.     The Court shall retain jurisdiction to enforce this Default Judgment and

Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this

Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this

matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If

this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have

against Defendant and shall also be entitled to recover its attorneys' fees and costs for any

further prosecution of this action.

IT IS SO ORDERED

DATED _____          _____
                                                     UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

6

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                              Plaintiff,<br><br>         v.<br><br>A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,<br><br>                              Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT R H S GROCERY, INC.

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant R H S Grocery, Inc., a New York corporation doing

business as RHS Del. Grocery ("Defendant" or "R H S Deli Grocery"), and Defendant having

failed to timely respond to the Complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1.      This is an action for: (i) federal trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv) trademark infringement in violation of New York State common law; (v) deceptive acts and practices in violation of New York General Business Law § 349; and (vi) trademark infringement in violation of New York General Business Law §§ 360-k, *et seq*. This Court has personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of the matter in controversy between Philip Morris USA and Defendant. Venue in this judicial district is proper.

2.      Defendant has not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections the Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action are hereby deemed waived.

3.      Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.    Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.    Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.    Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.    Defendant was served with the Summons and Complaint on October 1, 2007. A Clerk's Certificate of Default against RHS Deli Grocery was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.          Accordingly, it is hereby **ORDERED** that R H S Deli Grocery, and R H S Deli

Grocery's officers, agents, servants, employees, and attorneys, and all persons in active concert

or participation with R H S Deli Grocery, are hereby **PERMANENTLY ENJOINED** from:

(i)      purchasing, selling, offering for sale, or otherwise using in commerce any

counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii)     assisting, aiding or abetting any other person or entity in purchasing, selling,

offering for sale, or otherwise using in commerce any counterfeit

MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii)    interfering with or impeding in any way the inspections authorized by

paragraph 9 of this Order.

9.          **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with

Philip Morris USA in future investigations of counterfeit cigarette sales at its retail

establishments, including but not limited to (a) permitting representatives of an investigative

firm under contract with Philip Morris USA to conduct inspections, without notice, of

Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or

MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any

Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is

open for business) and to retain possession of any such MARLBORO® and/or MARLBORO

LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests

for information about Defendant's suppliers of MARLBORO® and/or MARLBORO

LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their

investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c),

Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a)

of the Lanham Act.

11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the

costs of the action in the amount of $62.14.

12.    Upon entry of this Default Judgment and Permanent Injunction, any bond or

undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed

exonerated and the original of such bond or undertaking shall be returned to Philip Morris

USA.

13.    The terms of this Default Judgment and Permanent Injunction shall be

enforceable against Defendant, Defendant's successors in interest and assigns, and any persons

or business entities working in concert with Defendant.

14.    There being no just reason for delay, the entry of this Default Judgment by the

United States District Court constitutes entry of final judgment as to all remaining claims

asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of

Civil Procedure 54(b).

5

15.     The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant and shall also be entitled to recover its attorneys' fees and costs for any further prosecution of this action.

IT IS SO ORDERED

DATED _____        _____
                            UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

6

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>                              Plaintiff,<br><br>      v.<br><br>A & V MINIMARKET, INC., a New York<br>corporation doing business as A & V MINI<br>MARKET, *et al.*,<br><br>                              Defendants. | No. 07 Civ. 8359 (LAK)(GWG)<br><br>**ELECTRONICALLY FILED** |

### [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT UNIVERSITY DELI & GROCERY CORP.

Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly served a

Summons and Complaint upon Defendant University Deli & Grocery Corp., a New York

corporation doing business as University Deli ("Defendant" or "University Deli"), and

Defendant having failed to timely respond to the Complaint, it is hereby **ORDERED,**

**ADJUDGED** and **DECREED** as follows:

1.        This is an action for: (i) federal trademark infringement in violation of the Lanham

Act, 15 U.S.C. § 1114; (ii) false designation of origin in violation of the Lanham Act, 15

U.S.C. § 1125(a); (iii) unfair competition in violation of New York State common law; (iv)

trademark infringement in violation of New York State common law; (v) deceptive acts and

practices in violation of New York General Business Law § 349; and (vi) trademark

infringement in violation of New York General Business Law §§ 360-k, *et seq*.  This Court has

personal jurisdiction over Philip Morris USA and Defendant, and subject matter jurisdiction of

the matter in controversy between Philip Morris USA and Defendant.  Venue in this judicial

district is proper.

2.        Defendant has not made any objections regarding the sufficiency of process or

the sufficiency of service of process in this action.  Any objections the Defendant may have

regarding the sufficiency of process or the sufficiency of service of process in this action are

hereby deemed waived.

3.        Philip Morris USA manufactures cigarettes, including the famous

MARLBORO® brand, for sale in the United States.  Philip Morris USA is the registered owner

of the following MARLBORO® and MARLBORO®-related trademarks on the Principal

Register of the United States Patent and Trademark Office, all of which are valid, subsisting

and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

2

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4.      Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.      Beginning in or about May 2007, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6.      Philip Morris USA filed the Complaint in this action on September 26, 2007.

7.      Defendant was served with the Summons and Complaint on October 1, 2007. A Clerk's Certificate of Default against University Deli was filed on March 6, 2008, for Defendant's failure to timely respond to the Complaint.

3

8.        Accordingly, it is hereby **ORDERED** that University Deli, and University Deli's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with University Deli, are hereby **PERMANENTLY ENJOINED** from:

(i)        purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;

(ii)       assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii)      interfering with or impeding in any way the inspections authorized by paragraph 9 of this Order.

9.        **IT IS FURTHER ORDERED THAT** Defendant cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of Defendant's inventories to determine whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

4

10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendant is liable to Plaintiff in the amount of $2,000 for violations of Sections 32 and 43(a) of the Lanham Act.

11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff for the costs of the action in the amount of $62.14.

12.    Upon entry of this Default Judgment and Permanent Injunction, any bond or undertaking Philip Morris USA has filed in this action as to Defendant shall be deemed exonerated and the original of such bond or undertaking shall be returned to Philip Morris USA.

13.    The terms of this Default Judgment and Permanent Injunction shall be enforceable against Defendant, Defendant's successors in interest and assigns, and any persons or business entities working in concert with Defendant.

14.    There being no just reason for delay, the entry of this Default Judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b).

15.     The Court shall retain jurisdiction to enforce this Default Judgment and

Permanent Injunction.  If Defendant shall be alleged to have breached the terms of this

Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this

matter upon motion filed and heard on an expedited basis, including by *ex parte* application.  If

this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have

against Defendant and shall also be entitled to recover its attorneys' fees and costs for any

further prosecution of this action.

IT IS SO ORDERED

DATED _____        _____
                                                        UNITED STATES DISTRICT JUDGE

Submitted by:

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone:  (516) 357-3700
Facsimile:  (516) 357-3792

*Attorneys for Plaintiff*
PHILIP MORRIS USA INC.

6