FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 3 - 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

PHILIP MORRIS USA INC.,

                                    Plaintiff,

        v.

HOGAN HOSKIN, *et al.*,

                                    Defendants.



ENTERED
CLERK, U.S. DISTRICT COURT

APR - 4 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Case No.: CV05-3278 CAS (SHx)

~~[PROPOSED]~~ **DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT SOCHA PECHE, INDIVIDUALLY AND DOING BUSINESS AS KING DONUTS**

Hearing Date:    April 3, 2006
Time:            10:00 a.m.
Courtroom:       5

Honorable Christina A. Snyder

        Plaintiff Philip Morris USA Inc. ("Philip Morris USA"), having properly

served a Summons and Complaint upon Defendant Sokha Peche, individually and

doing business as King Donuts ("Defendant"), and Defendant having failed to timely

respond to the complaint, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as

follows:

        1.      This is an action for: (i) infringement of registered trademarks in

violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of

origin and trademark and trade dress infringement in violation of Section 43(a) of the

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

1  Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition and trademark

2  infringement in violation of the common law of the State of California. This Court

3  has personal jurisdiction over Philip Morris USA and Defendant, and subject matter

4  jurisdiction of the matter in controversy between Philip Morris USA and Defendant.

5  Venue in this judicial district is proper.

6      2.    Defendant has not made any objections regarding the sufficiency of

7  process or the sufficiency of service of process in this action. Any objections the

8  Defendant may have regarding the sufficiency of process or the sufficiency of service

9  of process in this action are hereby deemed waived.

10     3.    Philip Morris USA manufactures cigarettes, including the famous

11 MARLBORO® brand, for sale in the United States. Philip Morris USA is the

12 registered owner of the following MARLBORO® and MARLBORO®-related

13 trademarks on the Principal Register of the United States Patent and Trademark

14 Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C.

15 § 1065 (collectively "Philip Morris USA Marks"):

16

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

24

25     4.    Philip Morris USA has spent substantial time, effort, and money

26 advertising and promoting the Philip Morris USA Marks throughout the United

27 States, and these marks have consequently developed significant goodwill, have

28 become distinctive, and have acquired secondary meaning. As a result of the sale of

2

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT SOCHA PECHE,
INDIVIDUALLY AND DOING BUSINESS AS KING DONUTS

1   counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris

2   USA is suffering a loss of the enormous goodwill associated with the Philip Morris

3   USA Marks, and is losing profits from lost sales of genuine products.

4       5.      Beginning on or about September 22, 2003, and subsequent to Philip

5   Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant

6   Sokha Peche, individually and doing business as King Donuts, offered for sale and

7   sold to the general public counterfeit MARLBORO® and/or MARLBORO

8   LIGHTS® brand cigarettes.

9       6.      Philip Morris USA filed the Complaint in this action on May 2, 2005,

10  and filed the First Amendment Complaint in this action on May 17, 2005.

11      7.      Defendant was served with the Summons and Complaint on May 4,

12  2005. Entry of Default against Defendant was recorded on August 12, 2005, for

13  Defendant's failure to timely respond to Plaintiff's complaint. On March 6, 2006,

14  Plaintiff presented this Court with its Application for Default Judgment against

15  Defendants. Defendant has not filed any opposition to this application.

16      8.      Accordingly, it is hereby **ORDERED** that Defendant, and Defendant's

17  officers, agents, servants, employees, and attorneys, and all persons in active concert

18  or participation with Defendant, are hereby **PERMANENTLY ENJOINED** from

19      (i)     purchasing, selling, offering for sale, or otherwise using in commerce

20              any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand

21              cigarettes; and

22      (ii)    assisting, aiding or abetting any other person or entity in purchasing,

23              selling, offering for sale, or otherwise using in commerce any

24              counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand

25              cigarettes.

26      (iii)   interfering with or impeding in any way the inspections authorized by

27              paragraph 9 of this Order.

28

3

9.    **IT IS FURTHER ORDERED THAT** the Defendants cooperate in
good faith with Philip Morris USA in future investigations of counterfeit cigarette
sales at their retail establishments, including but not limited to (a) permitting
representatives of an investigative firm under contract with Philip Morris USA to
conduct inspections, without notice, of Defendants' inventories of to determine
whether any cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS®
trademarks are counterfeit (such inspections may proceed at any Defendant retail
outlet between the hours of 9:00 a.m. and 5 p.m. on any day such Defendant is open
for business) and to retain possession of any such MARLBORO® and/or
MARLBORO LIGHTS® brand cigarettes determined to be counterfeit;
(b) responding to reasonable requests for information about Defendants' suppliers of
MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with
Philip Morris USA's representatives in their investigations of any suppliers of
MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

10.    **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C.
§ 1117(c), Defendant is liable to Plaintiff in the amount of $30,000 for violations of
Sections 32 and 43(a) of the Lanham Act.

11.    **IT IS FURTHER ORDERED THAT** Defendant is liable to Plaintiff
for attorneys' fees in the amount of $3,000 and costs in the amount of $71.39.

12.    Upon entry of this Default Judgment and Permanent Injunction, any
bond or undertaking Philip Morris USA has filed in this action as to Defendant shall
be deemed exonerated and the original of such bond or undertaking shall be returned
to Philip Morris USA.

13.    The terms of this Default Judgment and Permanent Injunction shall be
enforceable against Defendant, Defendant's successors in interest and assigns, and
any persons or business entities working in concert with Defendant.

14.    There being no just reason for delay, the entry of this Default Judgment
by the United States District Court constitutes entry of final judgment as to all

4

1  remaining claims asserted in this action by Philip Morris USA against Defendant

2  pursuant to Federal Rule of Civil Procedure 54(b).

3        13.    The Court shall retain jurisdiction to enforce this Default Judgment and

4  Permanent Injunction. If Defendant shall be alleged to have breached the terms of

5  this Judgment and Permanent Injunction, Philip Morris USA shall have the right to

6  reopen this matter upon motion filed and heard on an expedited basis, including by *ex*

7  *parte* application. If this matter is so reopened, Philip Morris USA may pursue any

8  and all remedies it may have against Defendant and shall also be entitled to recover

9  its attorneys' fees and costs for any further prosecution of this action.

10

11  IT IS SO ORDERED

12

13  DATED: ___4/3/06___       ___*Christina A. Snyde*___

14                                Hon. Christina A. Snyder

15

16  Submitted by:

17

18  HELLER EHRMAN LLP
    John C. Ulin (No. 165524)

19  Patricia K. Oliver (No. 193423)
    Anna Buono-Zusman (No. 232753)

20  333 S. Hope Street, 39th Floor

21  Los Angeles, California 90071
    Telephone: (213) 689-0200

22  Facsimile: (213) 614-1868

23

24  By ___*J. C. U*___
       John C. Ulin

25  Attorneys for Plaintiff

26  PHILIP MORRIS USA INC.

27

28

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT SOCHA PECHE,
INDIVIDUALLY AND DOING BUSINESS AS KING DONUTS