IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILIP MORRIS USA, INC.,                NO.  CIV.S-06-0133 WBS DAD

    Plaintiff,

    v.                                  FINDINGS AND RECOMMENDATIONS

M&S MARKET, INC., et al.,

    Defendants.
_____/

    This matter came before the court on October 20, 2006, for hearing on plaintiff's motion for entry of default judgment against defendants Roy Keltner, individually and doing business as London General Store -- Dinuba; M&S Market, Inc., a California Corporation; and Bengals, Inc., a California Corporation doing business as Old Towne Food Market.  Anna S. McLean and Nathaniel Moore appeared on behalf of plaintiff.  There was no appearance on behalf of defendants.  Having considered all written materials submitted with respect to the motion, and after hearing oral argument, for the
/////

reasons set forth below the undersigned recommends that plaintiff's motion be granted.

## PROCEDURAL BACKGROUND

Plaintiff Phillip Morris USA, Inc. initiated this action for damages and injunctive relief by filing its complaint on January 19, 2006. The complaint alleges trademark infringement in violation of the Lanham Act and unfair competition in violation of California state law. Despite being served with process, the defendants against whom default judgment is now sought failed to appear. The Clerk of the Court has entered default against each of those defendants pursuant to plaintiff's request. On September 19, 2006, plaintiff filed the instant motion, noticing it to be heard before the undersigned, as provided by Local Rule 72-302(c)(19). Despite being served with all moving papers, defendants have not responded to the motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). It is improper for the court to consider liability issues without first providing notice to plaintiff that the merits will be addressed.

1 Black v. Lane, 22 F.3d 1395, 1398 (7th Cir. 1994). Where damages are
2 liquidated (i.e., capable of ascertainment from definite figures
3 contained in the documentary evidence or in detailed affidavits),
4 judgment by default may be entered without a damages hearing. See
5 Dundee, 722 F.2d at 1323. Unliquidated and punitive damages,
6 however, require "proving up" at an evidentiary hearing or through
7 other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame,
8 6 F.3d 307, 310 (5th Cir. 1993).
9      Granting or denying default judgment is within the court's
10 sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th
11 Cir. 1986) (citations omitted), and the court is free to consider a
12 variety of factors in exercising that discretion, see Eitel v.
13 McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court may
14 consider such factors as:
15      (1) the possibility of prejudice to the
     plaintiff, (2) the merits of plaintiff's
16      substantive claim, (3) the sufficiency of the
     complaint, (4) the sum of money at stake in the
17      action, (5) the possibility of a dispute
     concerning material facts, (6) whether the
18      default was due to excusable neglect, and (7) the
     strong policy underlying the Federal Rules of
19      Civil Procedure favoring decisions on the merits.
20 Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-
21 05[2], at 55-24 to 55-26).
22      **ANALYSIS**
23      The complaint in this action alleges two claims for
24 trademark infringement under the Lanham Act and a claim for unfair
25 /////
26 /////

competition under California law.[1]  In sum, the detailed allegations of the complaint allege that defendants have sold, offered for sale or otherwise contributed to the sale of counterfeit Marlboro and Marlboro Lights cigarettes.  Plaintiff is in the business of manufacturing and selling tobacco products, including the famous Marlboro brand of cigarettes.  Plaintiff's complaint names numerous defendants, but plaintiff presently seeks default judgment against defendants Roy Keltner; M&S Market, Inc.; and Bengals, Inc. Consistent with the prayer in that complaint, and as permitted by the Lanham Act, plaintiff's motion seeks an award of $10,000 against each retailer implicated by the instant motion as well as permanent injunctive relief.  Plaintiff also seeks recovery of reasonable attorney fees and costs.

Weighing the factors outlined in <u>Eitel v. McCool</u>, 782 F.2d at 1471-72, the undersigned has determined that default judgment against defendants is appropriate.  Defendants have made no showing that their failure to respond to the complaint was due to excusable neglect.  The complaint is sufficient, and the amount of money at stake is relatively small, particularly because plaintiff seeks only statutory damages, not the recovery of lost profits or actual damages.  There is no reason to doubt the merits of plaintiff's substantive claim, nor is there any apparent possibility of a dispute concerning the material facts underlying the action.  As these

---

[1] Specifically, the complaint states claims for trademark infringement under 15 U.S.C. § 1114(1); false designation of origin under 15 U.S.C. § 1125(a); and unfair competition in violation of California common law.

factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be granted.

After determining that entry of default judgment is warranted, this court must next determine the terms of the judgment. As indicated above, plaintiff seeks an award of $10,000 against defendants. Such an award is permitted by the Lanham Act, which provides for the election of statutory damages in a counterfeiting case in an amount "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just[.]" 15 U.S.C. 1117(c)(1). The plain language of 15 U.S.C. 1117(c) "affords plaintiffs the right to pursue statutory damages without proving actual damages; however, the statute does not provide guidelines for courts to use in determining an appropriate award." Louis Vuitton Malletier and Oakley, Inc. v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). See also Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124-25 (S.D. N.Y. 2003)("The statute 'does not provide guidelines for courts to use in determining an appropriate award' and is only limited by what 'the court considers just.'")(citations omitted). Some courts have found guidance in this regard in the case law of an analogous provision of the Copyright Act, 17 U.S.C. § 504(c). See Tiffany, 282 F. Supp. 2d at 125; Louis Vuitton, 211 F. Supp. 2d at 583; Sara Lee Corp. v. Bags of N.Y., Inc., 36 F. Supp. 2d 161, 166 (S.D. N.Y. 1999). Under the Copyright Act, courts consider factors such as:

> (1) "the expenses saved and the profits reaped;"
> (2) "the revenues lost by the plaintiff;" (3) "the value of the copyright;" (4) "the deterrent effect on others besides the defendant;" (5) "whether the defendant's conduct was innocent or willful;" (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced;" and (7) "the potential for discouraging the defendant."

Tiffany, 282 F. Supp. 2d at 125 (citing Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., 807 F. 2d 1110, 1117 (2d Cir. 1986)). See also Microsoft Corp. v. PC Exp., 183 F. Supp. 2d 448, 454 (D. P.R. 2001)(listing same factors).

Looking to the relevant factors, no evidence submitted in connection with the instant motion addresses the expenses saved and profits reaped by defendants or the revenues lost by plaintiff. However, the undersigned recognizes that plaintiff is still discovering the extent of the counterfeiting and that such calculations would in any event be difficult in light of the nature of this action. As one court has recognized, "[t]he statutory damages provision was added in 1995 because 'counterfeiters' records are frequently nonexistent, inadequate, or deceptively kept ..., making proving actual damages in these cases extremely difficult if not impossible.'" Tiffany, 282 F. Supp. 2d at 124 (citations omitted).

With respect to the other factors, the undersigned finds that an award of $10,000 will likely serve to deter each defendant as well as others. While the court has discretion to award up to

/////

1  $100,000 per counterfeit mark per type of goods or services sold,[2]
2  the record suggests that the defendants against whom default judgment
3  is now sought, as well as the other defendants in related actions on
4  file in this district, are independent small business owners and/or
5  operators.  An award of $10,000 is at least commensurate with the
6  value of plaintiff's famous marks and also in line with defendants
7  "blatant attempt to profit from Philip Morris USA's substantial
8  investment in its Marlboro marks."  (Compl. ¶ 5.)  As outlined in
9  plaintiff's motion, defendants have failed to cooperate with
10 plaintiff in its efforts to litigate this matter, including attempts
11 at settlement.  For these reasons, the undersigned finds the
12 requested award of $10,000 is just.[3]

13         Plaintiff also is entitled to the requested permanent
14 injunctive relief.  Title 15 U.S.C. § 1116(a) provides, in relevant
15 part, that "[t]he several courts vested with jurisdiction of civil
16 actions arising under this chapter shall have power to grant
17 injunctions, according to the principles of equity and upon such
18 terms as the court may deem reasonable ...."  In recommending entry
19 of default judgment in similar actions initiated by this plaintiff,

---

[2] As plaintiff explains, and as alleged in the complaint, each of the two types of Marlboro cigarettes at issue in this case – Reds and Lights – contains two Philip Morris USA registered trademarks, one being the "MARLBORO mark" (i.e., the Marlboro name) and the other being the "MARLBORO Roof Design Label mark" (i.e., the Marlboro label).  (Compl. ¶ 4.)  Thus, for each pack of cigarettes bought from defendants, the court could award $200,000 (i.e., $100,000 for each of the two marks on each pack).

[3] An award of $10,000 is also reasonable in light of the amount of damages awarded in other similar counterfeit cases.  See Louis Vuitton, 211 F. Supp. 2d at 583-84 (collecting cases).

the undersigned previously has endorsed similar, although not identical, requests for injunctive relief. The district judge assigned to this case has approved similar requests, particularly in the various Consent Judgments and Permanent Injunctions approved by the court in this case. Accordingly, the undersigned will recommend that defendants be:

>  (1) prohibited from purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit Marlboro or Marlboro Lights brand cigarettes;
>
>  (2) prohibited from assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit Marlboro or Marlboro Lights brand cigarettes; and
>
>  (3) directed to cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at their retail establishments, including but not limited to (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of defendants' inventories to determine whether any cigarettes bearing the Marlboro and/or Marlboro Lights trademarks are counterfeit (such inspections may proceed at any defendants' retail outlet between the hours of 9:00 a.m. and 5:00 p.m. on any day such retail outlet is open for business) and to retain possession of any such Marlboro and/or Marlboro Lights brand cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about defendants' suppliers of Marlboro and/or Marlboro Lights cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of Marlboro and/or Marlboro Lights cigarettes.

See Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir. 1997) (affirming permanent injunction against using "any counterfeit, copy, or colorable imitations of the trademarks of Plaintiff Levi

1 | Strauss & Co. that is likely to cause confusion"); PepsiCo, Inc. v.
2 | California Security Cans, 238 F. Supp. 2d 1172, 1177-78 (C.D. Cal.
3 | 2002) (granting motion for default judgment and request for a
4 | permanent injunction enjoining defendant from using trademarks on
5 | counterfeit products).
6 |     Plaintiff seeks to recover reasonable attorney fees and
7 | costs incurred as a result of litigating this action against
8 | defendants. See 15 U.S.C. § 1117(a). Counsel for plaintiff has
9 | submitted declarations detailing the $3,191.25 sought for attorney
10 | fees. The undersigned finds the rates customary and hours expended
11 | reasonable for litigating an action of this nature. See Intel Corp.
12 | v. Terabyte Int'l, Inc., 6 F.3d 614, 623 (9th Cir. 1993).
13 |     An award of attorney fees is warranted in this case. The
14 | Lanham Act authorizes the court to award attorney fees to the
15 | prevailing party in "exceptional cases." 15 U.S.C. § 1117(a).
16 | "While the term 'exceptional' is not defined in the statute,
17 | generally a trademark case is exceptional for purposes of an award of
18 | attorneys' fees when the infringement is malicious, fraudulent,
19 | deliberate or willful." Lindy Pen Co., Inc. v. Bic Pen Corp., 982
20 | F.2d 1400, 1409 (9th Cir. 1993). In the default judgment context,
21 | courts have found a case "exceptional" where, as here, the defendant
22 | disregards judicial proceedings and does not appear. See Discovery
23 | Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282,
24 | 1292 (C.D. Cal. 2001); Taylor Made Golf Co., Inc. v. Carsten Sports,
25 | Ltd., 175 F.R.D. 658, 663 (S.D. Cal. 1997). Accordingly, the
26 | /////

1  undersigned will recommended that plaintiff be awarded the requested
2  attorney fees of $3,191.25 as to each defendant.
3        Finally, plaintiff is entitled to the costs as to each
4  defendant.  15 U.S.C. § 1117(a)(3) ("When a violation of any right of
5  the registrant of a mark ... shall have been established in any civil
6  action arising under this chapter, the plaintiff shall be entitled
7  ... to recover ... the costs of the action.").  Plaintiff has
8  demonstrated reasonable service fees as to the defendants as follows:
9  Roy Keltner, $300; M&S Market, Inc., $300; and Bengals, Inc., $310.
10 Accordingly, the undersigned will recommended that plaintiff be
11 awarded the costs of this action.

**CONCLUSION**

13        Accordingly, the court HEREBY RECOMMENDS that:
14        1.  Plaintiff's motion for entry of default judgment be
15 granted; and
16        2. The district judge assigned to this case sign the
17 [Proposed] Order for Default Judgments filed on October 19, 2006
18 (Doc. no. 78).
19        These findings and recommendations are submitted to the
20 United States District Judge assigned to the case pursuant to the
21 provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being
22 served with these findings and recommendations, any party may file
23 written objections with the court and serve a copy on all parties.
24 Such a document should be captioned "Objections to Findings and
25 Recommendations."  Any reply to the objections shall be served and
26 filed within five days after service of the objections.  The parties

1  are advised that failure to file objections within the specified time
2  may waive the right to appeal the District Court's order. <u>Martinez</u>
3  <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: November 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.civil/philipmorris0133.default