Case 1:03-cv-01030-CPS-VVP    Document 10    Filed 08/07/2003    Page 1 of 8

JUL 23 2003

Samuel L. Barkin (SB 3070)
Eric Groothuis (EG 4529)
Helene Landau (HL 2951)
HELLER EHRMAN WHITE & McAULIFFE LLP
120 West 45th Street
New York, NY 10036
(212) 832-8300

*Attorneys For Plaintiff Philip Morris USA Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br>  Plaintiff, <br><br> v. <br><br> DIPARUN CARDS, INC., a New York corporation doing business as SHORE VIEW CARDS; VISAT CORP., a New York corporation doing business as VISAT CORP/50% OFF C; XYZ CORP. No. 1, a New York corporation doing business as R & R DELI; PLINIO BLANCO, individually and doing business as SABOR LATINO and Does One Through Ten inclusive, <br><br> Defendants. | Case No.: 03-CV-1030 (CPS) <br><br> **CONSENT JUDGMENT** <br><br>  |

Plaintiff Philip Morris USA Inc. ("Philip Morris USA") and Defendant L&R Deli & Grocery, having settled this action on the terms and conditions stated herein, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of the common law of the State of New York; (iv) trademark infringement in violation of the common law of the State of New York; (v) deceptive acts and practices in violation of New York General Business Law Section§ 349; and (vi) trademark

infringement in violation of New York General Business Law § 360-k et seq. This Court has personal jurisdiction over the parties and subject matter jurisdiction of the matter in controversy between the parties. Venue in this judicial district is proper.

2. Defendant L & R Deli & Grocery (mistakenly referred to in the above caption as "R & R Deli") ("Defendant") states that Defendant is a sole proprietorship and that Lourdes Rodriguez is the sole owner of Defendant. Defendant states that Defendant was served with a copy of the summons and complaint on March 4, 2003. Defendant waives any objections that Defendant may have regarding the sufficiency of process or the sufficiency of service of process in this action.

3. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Date Registered |
| --- | --- |
| 68,502 | April 14, 1908 |
| 938,510 | July 25, 1972 |
| 1,039,412 | May 11, 1976 |
| 1,039,413 | May 11, 1976 |
| 1,189,524 | Feb. 9, 1982 |
| 1,192,559 | Mar. 23, 1982 |
| 1,544,782 | June 20, 1989 |
| 1,651,628 | July 23, 1991 |
| 2,101,970 | Sept. 30, 1997 |

4. Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have

consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5. Beginning in or about January 2003, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. In a Complaint filed with this Court on March 3, 2003, Philip Morris USA alleged that Defendant's offering for sale and sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes constitutes trademark and trade dress infringement, false designation of origin, unfair competition, and related violations of Philip Morris USA's rights in the Philip Morris USA Marks under the Lanham Act and state law. Philip Morris USA sought both injunctive relief and monetary damages.

7. Since the filing of the Complaint, the parties have agreed to a full and final settlement of this action as contained herein and the parties have agreed to the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby **ORDERED** that Defendant, and its agents, servants, employees, and all persons in active concert or participation with it, are hereby permanently enjoined from

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(ii) assisting, aiding or abetting any other person on entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

8. Defendant further agrees to cooperate in good faith with Philip Morris USA in any further investigation of this matter, including but not limited to (a) permitting representatives of

Philip Morris USA to conduct inspections, without notice, of Defendant's inventory of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® mark to determine whether any such cigarettes are counterfeit (such inspections may proceed at any Defendant retail outlet between the hours of 9:00 a.m. and 5:00 p.m. on any business day); (b) responding to reasonable requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes that have already been identified.

9. The terms of this Consent Judgment and Permanent Injunction shall be enforceable against Defendant and their successors in interest and assigns.

10. Defendant agrees to waive all claims in this action against Philip Morris USA, whether or not asserted. All claims asserted in this action not expressly addressed herein, including all claims for monetary recovery from Philip Morris USA, are hereby dismissed with prejudice. Each of the parties will bear its own costs and attorneys' fees.

11. The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Consent Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant in addition to liquidated damages as set forth below.

12. Philip Morris USA has entered this Consent Judgment in material reliance on Defendant's representations as to the sources from which it has purchased the cigarettes sold at its retail outlet since September 2002. If Philip Morris USA determines in good faith that Defendant has materially misrepresented the sources from which it purchased cigarettes during this time period, or if Defendant has failed to identify any of its cigarette suppliers for this time period, such misrepresentation and/or omission shall constitute a material breach of this Consent Judgment and

Permanent Injunction and the terms hereof shall be null and void except to the extent that Defendant shall remain permanently enjoined by the provisions of Paragraphs 7 and 8, and shall be liable for liquidated damages pursuant to terms of Paragraph 13(iii). In that event, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant, in addition to liquidated damages as set forth below.

13. The parties recognize and acknowledge that it would be impractical or very difficult to determine or fix the amount of damages that would be sustained as a result of a breach of this Consent Judgment and Permanent Injunction by Defendant. Accordingly, after making a reasonable endeavor to arrive at the amount that would be an approximation of the damages that would or might be sustained in the event of a breach, the parties hereto agree to fix said amount of liquidated damages in the sum of (i) $500.00 per day for breach of Defendant's obligation to cooperate in good faith with Philip Morris USA's investigative efforts, as set forth in Paragraph 8; and (ii) $500.00 for the first occasion on which Philip Morris USA confirms that Defendant has sold counterfeit MARLBORO® or MARLBORO LIGHTS® brand cigarettes, with the monetary damages to double for each subsequent occasion on which a sale of counterfeit product is confirmed (*e.g.*, $1000.00 for the second occasion, $2000.00 for the third occasion, *etc.*), except that if Philip Morris USA discovers 10 cartons or more of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes in the combined inventory of one or more of Defendant's retail outlets in any inspection conducted within seven calendar days of the date on which cigarettes purchased at any of Defendant's retail outlets are confirmed as counterfeit, the amount of liquidated damages shall be multiplied by 10 (*e.g.*, on the first such occasion, $5,000; on the second such occasion, $10,000, *etc.*) with any liquidated damages recovery capped at $100,000; and (iii) in the event Defendant has materially misrepresented the sources from which it has purchased cigarettes since September 2002 and/or failed to identify any of its cigarette suppliers during this time period in violation of Paragraph 12 hereof, $500.00 per day from the date this Consent Judgment and Permanent Injunction is entered, to the date Philip Morris USA learns of the misrepresentation.

14. Accordingly, in the event that the parties agree that a breach has occurred, or there is a final, nonappealable judgment or order by any Court that Defendant breached this Consent Judgment and Permanent Injunction, then Defendant shall be obligated to pay to Philip Morris USA liquidated damages in the amounts set forth above.

15. Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages.

_____
United States District Judge

Dated: 8/5/03

The individuals executing this Judgment represent or confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories to this Judgment.

CONSENTED TO:

HELLER EHRMAN WHITE
& McAULIFFE LLP
Samuel L. Barkin (SB 3070)
Eric Groothuis (EG 4529)
Helene Landau (HL 2951)
120 West 45th Street
New York, NY 10036
Tel.: (212) 832-8300
Fax: (212) 763-7600
Attorneys for Plaintiff Philip Morris USA Inc.

Lourdes Rodriguez d/b/a L & R Deli & Grocery, *Pro Se*
18 Rottkamp Street
Valley Stream, NY 11580
Tel.: (516) 285-7081