Robert A. Assuncao (RAA9969)
Keith E. Smith (KS1843)
PIPER RUDNICK LLP
379 Thornall Street, Eighth Floor
Edison, NJ 08837-2226
Telephone: (732) 590-1850
Facsimile: (732) 590-1860

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| PHILIP MORRIS USA INC.,<br><br>        Plaintiff,<br><br>v.<br><br>KRUPA CORPORATION, et al.,<br><br>        Defendants. | Honorable William J. Martini<br>Case No.: 04-2920<br><br><br><br><br><br><br>CONSENT JUDGMENT AND<br>PERMANENT INJUNCTION |

  Plaintiff Philip Morris USA Inc. ("Philip Morris USA") and Defendant Krupa Corporation, doing business as Super Shop Food Store, ("Defendant"), having settled this action on the terms and conditions stated herein, it is hereby ORDERED, ADJUDGED and DECREED as follows:

  1.  This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition and trademark infringement in violation of the common law of the State of New Jersey. This Court has personal jurisdiction over the parties and subject

matter jurisdiction of the matter in controversy between the parties. Venue in this judicial district is proper.

2.  Defendant waives any objections it may have regarding the sufficiency of process or the sufficiency of service of process in this action.

3.  Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Date Registered |
|---|---|
| 68,502 | April 14, 1908 |
| 938,510 | July 25, 1972 |
| 1,039,412 | May 11, 1976 |
| 1,039,413 | May 11, 1976 |
| 1,544,782 | June 20, 1989 |
| 1,651,628 | July 23, 1991 |

4.  Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning. As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5.  It is alleged that beginning in or about December 2003, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendant offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. In a Complaint filed with this Court on June 23, 2004, Philip Morris USA alleged that Defendant's offering for sale and sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes constitutes trademark and trade dress infringement, false designation of origin, unfair competition, and related violations of Philip Morris USA's rights in the Philip Morris USA Marks under the Lanham Act and state law. Philip Morris USA sought both injunctive relief and monetary damages.

7. Since the filing of the Complaint, the parties have agreed to a full and final settlement of this action as contained herein and the parties have agreed to the entry of this Consent Judgment and Permanent Injunction. Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that Defendant, and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it, are hereby permanently enjoined from

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(ii) assisting, aiding or abetting any other person on entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

(iii) interfering with or impeding the inspections authorized by Paragraph 8(a) hereof in any way

8. Defendant further agrees to cooperate in good faith with Philip Morris USA in any further investigation of this matter, including but not limited to (a) permitting representatives of Philip Morris USA to conduct inspections, without notice, of Defendant's inventory of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® mark to determine

whether any such cigarettes are counterfeit (such inspections may proceed at any retail outlet operated by Defendant between the hours of 9:00 a.m. and 5:00 p.m. on any business day) and if any such cigarettes are identified as counterfeit, Philip Morris USA shall be appointed custodian of this counterfeit product, and shall retain possession of those cigarettes, pending any further proceedings in this matter; (b) responding to requests for information about Defendant's suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes that have already been identified.

9. Not later than five (5) calendar days following the date on which Defendant signs this agreement, Defendant shall deliver a cashier's check for five thousand dollars ($5000), made payable to Heller Ehrman Client Trust Account, to Heller Ehrman White & McAuliffe LLP, 601 South Figueroa Street, 40th Floor, Los Angeles, California 90017, Attention John C. Ulin, Esq.

10. The terms of this Consent Judgment and Permanent Injunction shall be enforceable against Defendant and its successors in interest and assigns.

11. Defendant agrees to waive all claims in this action against Philip Morris USA with prejudice, whether they are asserted or not. All claims asserted in this action by Philip Morris USA for monetary recovery from Defendant are hereby dismissed with prejudice except as set forth in this Agreement. There being no just reason for delay, the entry of this consent judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendant pursuant to Federal Rule of Civil Procedure 54(b). Philip Morris USA and Defendant will each bear their own costs and attorneys' fees.

12. The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction. If Defendant shall be alleged to have breached the terms of this Consent Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant in addition to liquidated damages as set forth herein.

13. Philip Morris USA has entered this Consent Judgment in material reliance on Defendant's representations as to the sources from which it has purchased the cigarettes sold at its retail outlet since December 2003 through the date hereof. If Philip Morris USA determines in good faith that Defendant has materially misrepresented the sources from which it purchased cigarettes during this time period, or if Defendant has failed to identify any of its cigarette suppliers for this time period, such misrepresentation and/or omission shall constitute a material breach of this Consent Judgment and Permanent Injunction and the terms hereof shall be null and void except that Defendant shall remain permanently enjoined by the provisions of Paragraphs 7 and 8 hereof, and shall be liable for liquidated damages pursuant to terms of Paragraph 14(iii). In that event, Philip Morris USA shall have the right to reopen this matter upon motion filed and heard on an expedited basis. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against Defendant and shall also be entitled to recover its attorneys fees and costs for any further prosecution of this action.

14. The parties recognize and acknowledge that it would be impractical or very difficult to determine or fix the amount of damages that would be sustained as a result of a breach of this Consent Judgment and Permanent Injunction by Defendant. Accordingly, after making a reasonable endeavor to arrive at the amount that would be an approximation of the

damages that would or might be sustained in the event of a breach, the parties hereto agree to fix said amount of liquidated damages in the sum of (i) $500.00 per day for breach of Defendant's obligation to cooperate in good faith with Philip Morris USA's investigative efforts, as set forth in Paragraph 8, which damages shall begin to accrue 10 days after Philip Morris USA notifies Defendant, by certified mail, of Philip Morris USA's belief that Defendant breached its obligation to cooperate; and (ii) $1000.00 for the first occasion on which Philip Morris USA confirms that Defendant has sold counterfeit MARLBORO® or MARLBORO LIGHTS® brand cigarettes, with the monetary damages to double for each subsequent occasion on which a sale of counterfeit product is confirmed (*e.g.*, $2000.00 for the second occasion, $4000.00 for the third occasion, *etc.*), except that if Philip Morris USA discovers 10 cartons or more of counterfeit MARLBORO® or MARLBORO LIGHTS® cigarettes in the combined inventory of one or more of Defendant's retail outlets in any inspection conducted within seven calendar days of the date on which cigarettes purchased at any of Defendant's retail outlets are confirmed as counterfeit, the amount of liquidated damages shall be multiplied by 10 (*e.g.*, on the first such occasion, $10,000; on the second such occasion, $20,000, *etc.*) with any liquidated damages recovery capped at $100,000; and (iii) in the event Defendant has materially misrepresented the sources from which it has purchased cigarettes since October 2003 through the date hereof and/or failed to identify any of its cigarette suppliers during this time period in violation of Paragraph 13 hereof, $500.00 per day from the date that Defendant misrepresented the sources or failed to identify all of its suppliers to the date when Defendant corrects any misrepresentation or identifies any additional cigarette suppliers not previously disclosed.

    15. Accordingly, in the event that the parties agree that a breach has occurred, or there is a final, nonappealable judgment or order by any Court that Defendant breached this Consent

Judgment and Permanent Injunction, then Defendant shall be obligated to pay to Philip Morris USA liquidated damages in the amounts set forth above.

16. Each of the parties acknowledges and represents that it has fully considered the effect of this provision for liquidated damages.

17. The bond in the amount of $1,000.00 posted with the Clerk of the Court by Philip Morris USA on June 24, 2004, to provide security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained or enjoined, shall be released.

IT IS SO ORDERED this 20th day of December, 2004.

William J. Martini
United States District Judge

The individuals executing this Consent Judgment and Permanent Injunction represent or confirm that they are duly authorized to do so, and are similarly authorized to bind each of the signatories to this Consent Judgment and Permanent Injunction.

AGREED as to FORM and SUBSTANCE:

PIPER RUDNICK LLP

By: _____
Robert A. Assuncao (RAA9969)
Keith E. Smith (KS1843)
379 Thornall Street, Eighth Floor
Edison, NJ 08837-2226
Telephone: (732) 590-1850
Facsimile: (732) 590-1860

Counsel for Philip Morris USA Inc.

KRUPA CORPORATION

By: M.P. Patel
Its: MUKUL PATEL

M. Goodman & Associates, P.C.

By: _____
Howard B. Leopold (HBL 8341)
Two University Plaza
Hackensack, NJ 07601
Telephone: (201) 343-6800
Facsimile: (201) 343-7336

Counsel for Krupa Corporation