UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP MORRIS USA INC.,

Plaintiff,

v.

A & V MINIMARKET, INC., a New York corporation doing business as A & V MINI MARKET, *et al.*,

Defendants.

No. 07 Civ. 8359 (LAK)(GWG)

**ELECTRONICALLY FILED**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CERTAIN DEFENDANTS**

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Attorneys for Plaintiff Philip Morris USA Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 2

ARGUMENT ........ 3

I. DEFAULT JUDGMENT IS PROCEDURALLY PROPER ........ 3

II. PHILIP MORRIS USA HAS ALLEGED FACTS SUFFICIENT TO SUPPORT DEFAULT JUDGMENT AGAINST DEFENDANTS ........ 4

III. THE COURT SHOULD GRANT PHILIP MORRIS USA THE RELIEF REQUESTED IN ITS COMPLAINT ........ 6

A. Philip Morris USA Is Entitled to Permanent Injunctive Relief ........ 6

B. The Court Should Award Philip Morris USA Statutory Damages Pursuant to 15 U.S.C. § 1117(c) ........ 8

C. The Court Should Award Philip Morris USA the Costs of this Action ........ 11

CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Page**

**CASES**


*Au Bon Pain Corp. v. Artect, Inc.*,
653 F.2d 61 (2d Cir. 1981)........................................ 4

*Cartier v. Samo's Sons, Inc.*,
No. 04 Civ. 2268 (RMB), 2005 WL 2560382 (S.D.N.Y. Oct. 11, 2005).......................... 5

*Cotton v. Slone*,
4 F.3d 176 (2d Cir. 1994)........................................ 4, 5

*Federal Home Loan Mortgage Co. v. 41-50 78th St. Corp.*,
No. 92-CV-5692, 1997 WL 177862 (E.D.N.Y. Apr. 4, 1997)........................................ 3

*In re Vuitton et Fils S.A.*,
606 F.2d 1 (2d Cir. 1979)........................................ 6

*Joe Hand Promotions, Inc. v. Hernandez*,
03 Civ. 6132 (HB), 2004 WL 1488110 (S.D.N.Y. June 30, 2004)........................................ 3

*Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*,
378 F. Supp. 2d 448 (S.D.N.Y. 2005)........................................ 9, 10

*Philip Morris USA Inc. v. Castworld Prods., Inc.*,
219 F.R.D. 494 (C.D. Cal. 2003)........................................ 6

*Philip Morris USA Inc. v. Escandon*,
No. Civ. S-05-1337 (DAD), 2005 U.S. Dist. LEXIS 26766
(E.D. Cal. Nov. 4, 2005)........................................ 6, 10

*Philip Morris USA Inc. v. Felizardo*,
No. 03 Civ. 5891 (HB), 2004 WL 1375277 (S.D.N.Y. June 18, 2004)...................... 5, 6, 9

*Philip Morris USA Inc. v. M&S Market, Inc.*,
No. Civ. S-06-0133 (DAD), 2006 U.S. Dist. LEXIS 83247........................................ 10

*Philip Morris USA Inc. v. Marlboro Express*,
No. CV-03-1161 (CPS), 2005 WL 2076921 (E.D.N.Y. Aug. 26, 2005)........................ 6, 9

*Philip Morris USA Inc. v. Shalabi*,
352 F. Supp. 2d 1067 (C.D. Cal. 2004)........................................ 6, 9, 10

*Solow v. BMW (US) Holding Corp.*,
No. 97 Civ. 1373 (DC), 1998 WL 717613 (S.D.N.Y. Oct. 14, 1998)................................ 5

*Tiffany (NJ), Inc. v. Luben*,
282 F. Supp. 2d 123 (S.D.N.Y. 2003)........ 8

**FEDERAL STATUTES AND RULES**

15 U.S.C. § 1065........ 9

15 U.S.C. § 1114........ 2, 4

15 U.S.C. § 1116(a)........ 6

15 U.S.C. § 1117(c)........ 3, 8, 10

15 U.S.C. § 1125(a)........ 2, 5

Fed. R. Civ. P. 55(a)........ 3

Local Civil Rule 55.1........ 3

Local Civil Rule 55.2........ 4

**STATE STATUTES**

New York General Business Law § 349........ 2

New York General Business Law §§ 360-k........ 2

**OTHER AUTHORITIES**

S. Rep. No. 104-177(1995)........ 8

Philip Morris USA Inc. ("Philip Morris USA") hereby moves for a default judgment against the following Defendants:

- LA FAVORITA DELI GROCERY CORP., a New York corporation doing business as LA FAVORITA DELI GROCERY;
- UPTOWN DELI & GROCERY CORP., a New York corporation doing business as TAIZ GROCERY;
- I & I CONVENIENCE STORE INC., a New York corporation doing business as I & I CONVENIENCE STORE;
- TW DELI & GROCERY CORP., a New York corporation doing business as JEROME DELI GROCERY;
- LEENA DELI & GROCERY CORP., a New York corporation doing business as LEENA DELI & GROCERY;
- MENZAL S. AZOOKARI, individually and doing business as SOUTHERN BLVD. DELI;
- BRONX #1 DISCOUNT GROCERY CORP., a New York corporation doing business as NY #1 DISCOUNT GROCERY;
- ADEL ELSAIDI, individually and doing business as NY BEST DELI GROCERY;
- R H S GROCERY, INC., a New York corporation doing business as RHS DELI GROCERY; and
- UNIVERSITY DELI & GROCERY CORP., a New York corporation doing business as UNIVERSITY DELI.

**INTRODUCTION**

On September 26, 2007, Philip Morris USA filed this lawsuit against the proprietors of retail establishments that were caught selling counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes in violation of the Lanham Act and New York State law. The majority of those retailers have cooperated with Philip Morris USA, in its efforts to conduct discovery informally and to resolve the litigation voluntarily, have assisted in identifying the possible source(s) of the counterfeit cigarettes they sold, and have agreed or will likely agree to the entry of consent judgments.

In contrast, the ten (10) retailers who are subject to this application (collectively, "Defendants") chose not to respond to the Complaint and have either: (1) not communicated at all with Philip Morris USA; or (2) if they did initially communicate, subsequently refused to cooperate in Philip Morris USA's repeated efforts to collect informal discovery and to resolve this case voluntarily. As a result, Philip Morris USA was left with no choice but to obtain entries of default against Defendants and to seek entry of default judgment against them.

In its Complaint, Philip Morris USA asserts claims against Defendants for (i) infringement of registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) unfair competition in violation of the common law of the State of New York; (iv) trademark infringement in violation of the common law of the State of New York; (v) deceptive acts and practices in violation of New York General Business Law Section 349; and (vi) trademark infringement in violation of New York General Business Law Sections 360-k *et seq*. The allegations in the Complaint, all of which must now be deemed true as a result of Defendants defaults, establish all of the necessary elements of Philip

Morris USA's claims. It is therefore appropriate for this Court to enter default judgments against Defendants.

Defendants' disregard of their legal obligations, both under the Lanham Act and in this lawsuit, justifies all of the relief sought herein. Specifically, by this motion, Philip Morris USA seeks the following:

- **A Permanent Injunction** enjoining Defendants from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes;
- **Statutory damages** pursuant to 15 U.S.C. § 1117(c) against each defendant in the amount of $2,000; and
- **Costs** in the amount of $62.14.

The requested relief is consistent with decisions by numerous federal courts. Attached as Exhibit "D" to the Affidavit of James G. Ryan ("Ryan Affidavit") is a chart listing nearly 30 decisions in which federal courts across the country, including this judicial district, have awarded Philip Morris USA the same relief on default judgment motions against identically-situated retailers who failed to respond to the claims against them. For the reasons set forth below, this Court should award the same remedies here.

**ARGUMENT**

**I. DEFAULT JUDGMENT IS PROCEDURALLY PROPER**

Following entry of default by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.1, a court may enter default judgment against a party who "has failed to plead or otherwise defend" in an action. Fed. R. Civ. P. 55(a). When a defendant has "failed to answer" and plaintiff has taken all of the steps required by Fed. R. Civ. P. 55(b) and Local Civil Rule 55.2, "plaintiff has met all of the procedural requirements for a default judgment." *Federal Home Loan Mortgage Co. v. 41-50 78th St. Corp.*, No. 92-CV-5692, 1997 WL 177862, at *3 (E.D.N.Y. Apr. 4, 1997) (Glasser, J.); *see also Joe Hand Promotions, Inc. v. Hernandez*, 03 Civ.

6132 (HB), 2004 WL 1488110, at *1 (S.D.N.Y. June 30, 2004) (Baer, J.) (default judgment is appropriate when the defendants "have shown no interest in responding to the complaint, or otherwise defending").

In this case, the Clerk has entered a Certificate of Default for each of the Defendants, copies of which are attached to the Ryan Affidavit as Exhibit "C." The Complaint (without attached exhibits) is attached to the Ryan Affidavit as Exhibit "A." As these documents demonstrate, all of the requirements of Local Civil Rule 55.2 are satisfied, and the entry of default judgments against Defendants is procedurally proper.

## II. PHILIP MORRIS USA HAS ALLEGED FACTS SUFFICIENT TO SUPPORT DEFAULT JUDGMENT AGAINST DEFENDANTS

When a defendant defaults, "the court should . . . accept[] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The plaintiff is entitled to all reasonable inferences that can be drawn from such allegations in support of its claims for relief. *See id.*; *see also Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1994) (in light of default, "[w]e must presume . . . that Cotton has established all theories of recovery alleged in her complaint").

Philip Morris USA seeks relief based upon Counts I, II, III, IV, and VI of the Complaint. The elements of each claim as to each Defendant are:

- **Count I: Infringement of Registered Trademarks in Violation of Section 32 of the Lanham Act (15 U.S.C. § 1114):** (1) Defendant's use in commerce, (2) without Plaintiff's consent, (3) of a reproduction or copy of a registered trademark, (4) in connection with the sale, offering for sale, or distribution of any goods, and (5) that such use is likely to deceive consumers. 15 U.S.C. § 1114(1)(a).

- **Count II: False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)):** (1) Defendant's use in commerce, (2) in connection with any sale, offering for sale, or distribution of any goods, (3) of any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, (4) which is likely to

deceive as to the affiliation, connection, or association of defendants with plaintiff, or as to the origin, sponsorship, or approval of defendant's goods by plaintiff. 15 U.S.C. § 1125(a)(1)(A). The same facts that establish a violation of Section 32(1) of the Lanham Act are sufficient to prove a violation of Section 43(a). *See Cartier v. Samo's Sons, Inc.*, No. 04 Civ. 2268 (RMB), 2005 WL 2560382, at *3 n.3 (S.D.N.Y. Oct. 11, 2005).

- **Count III: Unfair Competition in Violation of New York State Common Law:** "To prevail on its common law claim of unfair competition, Philip Morris must couple its evidence supporting liability under the Lanham Act with additional evidence demonstrating [Defendant's] bad faith." *Philip Morris USA Inc. v. Felizardo*, No. 03 Civ. 5891 (HB), 2004 WL 1375277, at *6 (S.D.N.Y. June 18, 2004). "Under New York law, a presumption of bad faith attaches to the use of a counterfeit mark." *Id.*

- **Count IV: Trademark Infringement in Violation of New York State Common Law:** "To prevail on its common law claim of trademark infringement, Philip Morris need only present evidence sufficient to establish a violation of Section 32(1) of the Lanham Act." *Id.* at *6.

- **Count VI: Trademark Infringement in Violation of New York General Business Law §§ 360-k, *et seq.*:** To prevail on its trademark infringement claim pursuant to New York General Business Law Sections 360-k, *et seq.*, Philip Morris need only present evidence sufficient to establish a violation of Section 32(1) of the Lanham Act. *See Solow v. BMW (US) Holding Corp.*, No. 97 Civ. 1373 (DC), 1998 WL 717613, at *2 (S.D.N.Y. Oct. 14, 1998).

Philip Morris USA has alleged facts sufficient to establish all the elements of each of these claims against each Defendant. The Complaint sets forth in detail Philip Morris USA's ownership of, and exclusive right to use, the MARLBORO® and MARLBORO LIGHTS® trademarks, the extent to which Philip Morris USA has used these marks, and the fame of and goodwill associated with the marks. (Compl. ¶¶ 4, 15.) Philip Morris USA further alleges that Defendants used counterfeit versions of Philip Morris USA's marks in commerce, in connection with the sale of counterfeit cigarettes, and without Philip Morris USA's consent. (Compl. ¶¶ 3, 5, 12-14.) Finally, it alleges that Defendants' use of counterfeit versions of Philip Morris USA's marks is likely to cause confusion or mistake, or to deceive customers, and has thereby damaged Philip Morris USA. (Compl. ¶¶ 3, 5-6, 15.) Because Defendants have defaulted, these well-

pleaded allegations must now be accepted as true. *See Cotton*, 4 F.3d at 181. Philip Morris USA has, therefore, established its entitlement to default judgment against each of the Defendants on each of the claims set forth above. *See e.g., Philip Morris USA Inc. v. M & S Market, Inc., 2006 U.S. Dist. LEXIS 83247 at *9 (E.D. Cal. Nov. 15, 2006)* (entering default judgment)*; Philip Morris USA Inc. v. Escandon*, 2005 U.S. Dist. LEXIS 26766, at *10 (E.D. Cal. Nov. 4, 2005) (same); *Philip Morris USA Inc. v. Marlboro Express*, 2005 WL 2076921, at *8 (E.D.N.Y. Aug. 26, 2005) (same); *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. 2003) (same).

## III. THE COURT SHOULD GRANT PHILIP MORRIS USA THE RELIEF REQUESTED IN ITS COMPLAINT

### A. Philip Morris USA Is Entitled to Permanent Injunctive Relief

The Lanham Act specifically authorizes injunctive relief to protect against trademark counterfeiting. *Philip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1074-75 (C.D. Cal. 2004) 15 U.S.C. § 1116(a); accord *Felizardo*, 2004 WL 1375277, at *7; see also 15 U.S.C. § 1116; *In re Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979) (an injunction is necessary to prevent sale of counterfeit goods). In this case, Philip Morris USA requests that the Court issue a permanent injunction against each Defendant that includes the following material terms:

- A prohibition against purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

- A prohibition against assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

Courts have repeatedly granted permanent injunctions containing virtually identical terms against sellers of counterfeit cigarettes. *See e.g., M & S Market*, 2006 U.S. Dist. LEXIS, at *9 (granting permanent injunction) *Escandon*, 2005 U.S. Dist. LEXIS 26766, at *10 (same);

*Shalabi*, 352 F. Supp. 2d at 1075 (same); *Castworld Prods., Inc.* 219 F.R.D. at 502 (same); *Marlboro Express*, 2005 WL 2076921, at *7 (same); *Felizardo*, 2004 WL 1375277, at *7 (same).

Philip Morris USA further requests that the Court include in the permanent injunction a requirement that Defendants cooperate in good faith with Philip Morris USA in future investigations of counterfeit cigarette sales at its retail establishment, including by: (a) permitting representatives of an investigative firm under contract with Philip Morris USA to conduct inspections, without notice, of its inventory of cigarettes bearing the MARLBORO® and/or MARLBORO LIGHTS® trademarks in order to determine whether any of them are counterfeit (with such inspections proceeding at any of Defendants' retail establishments between the hours of 9 a.m. and 5 p.m. on any day such Defendant is open for business) and to retain possession of any such cigarettes determined to be counterfeit; (b) responding to reasonable requests for information about its suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes; and (c) cooperating with Philip Morris USA's representatives in their investigations of any suppliers of MARLBORO® and/or MARLBORO LIGHTS® cigarettes.

The requested terms of the proposed injunction, including the requirement that Defendants cooperate with Philip Morris USA's future investigations of counterfeit sales at Defendants' retail stores, as set forth above, are identical to the terms of default judgments that have been entered against identically situated retailers by this Court as well as by the U.S. District Courts for the Eastern District of New York, the District of New Jersey and for the Central and Eastern Districts of California, among numerous other jurisdictions. (*See* Ryan Affidavit Exhibits "E" – "FF"). Philip Morris USA respectfully submits that it is appropriate for this Court to enter this same injunction to prevent Defendants from continuing to sell counterfeit

MARLBORO® and/or MARLBORO LIGHTS® cigarettes and provide Philip Morris USA with effective remedies if they do.

Philip Morris USA further notes that all of the requested provisions of the [Proposed] Default Judgment are identical to the terms of the Consent Judgments that this Court has entered against other retailer defendants in this case. *See e.g.*, Exhibits V – X of Ryan Affidavit. Philip Morris USA respectfully submits that the defendants against whom this motion is directed should be subject to these same requirements and should not be put in a more favorable position – with respect to cooperation with Philip Morris USA's investigation – by virtue of their failure to respond to this lawsuit, than they would have been if they had cooperated in Philip Morris USA's repeated efforts to achieve a voluntary resolution and signed Consent Judgments.

**B. The Court Should Award Philip Morris USA <u>Statutory Damages Pursuant to 15 U.S.C. § 1117(c)</u>**

In cases where the defendant has distributed, offered for sale, or sold goods bearing counterfeit trademarks, the Lanham Act permits a prevailing plaintiff to forego actual damages and to elect statutory damages of "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c). As set forth below, Philip Morris USA has elected to pursue statutory damages from Defendants in the amount of $2,000 each.

"The statutory damages provision was added in 1995 [to the Lanham Act] because 'counterfeiters' records are frequently nonexistent, inadequate, or deceptively kept ..., making proving actual damages in these cases extremely difficult if not impossible.'" *Tiffany (NJ), Inc. v. Luben*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) *quoting* S. Rep. No. 104-177 at 10 (1995). This case presents a paradigm situation for an award of statutory damages. By its failure to participate in the litigation, Defendants have deprived Philip Morris USA of the opportunity to

take discovery that might have enabled Philip Morris USA to determine its actual damages. Without that discovery, statutory damages are the only effective means to compensate Philip Morris USA for its losses.

Moreover, Philip Morris USA also seeks statutory damages in order to deter Defendants from continuing to sell counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes and to deter other similarly situated retailers from following Defendants' bad examples, with respect to both illegal sales of counterfeit cigarettes and disregard for their obligations to respond to lawsuits against them. In determining the proper amount of damages to award against identically situated retailers who were caught selling counterfeit cigarettes, federal courts around the country have based their awards, in part, on the rationale of deterring both the defendant in question and similar parties from future counterfeit trafficking. *See e.g., Philip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1076 (C.D. Cal. 2004) (awarding statutory damages of $10,000 "to deter [] retailers from continuing the illegal behavior"); *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 458 (S.D.N.Y. 2005) ("counterfeit cigarettes have become an increasingly troublesome public problem for which there is a strong need for deterrence"); *see also Felizardo*, 2004 WL 1375277, at *7 (statutory damages "are also aimed at deterrence of future counterfeiting—both by the bad actor in question and by other potential counterfeiters"); *Marlboro Express*, 2005 WL 2076921, at *8 (awarding statutory damages based upon, in part, "the need for a substantial deterrent to future misconduct by defendants and other counterfeit cigarette traffickers"). Philip Morris USA respectfully submits that the need for deterrence to prevent future sales of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes is equally strong here.

In this case, Philip Morris USA alleges that Defendants sold counterfeit cigarettes that infringed at least the following trademarks, which are owned by Philip Morris USA:

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

(Compl. ¶¶ 4, 11.) Because each of these trademarks was registered much longer than five years ago, they are all valid and incontestable. *See* 15 U.S.C. § 1065; *Felizardo*, 2004 WL 1375277, at *4; *Shalabi*, 352 F. Supp. 2d at 1070, n.1.

MARLBORO® cigarettes contain two distinct Philip Morris USA trademarks: (1) the MARLBORO® or MARLBORO LIGHTS® name and (2) the MARLBORO Red Label® or MARLBORO LIGHTS Label®. Thus, the sale of one counterfeit pack infringes upon two separate Philip Morris USA trademarks. Philip Morris USA is therefore entitled to recover a minimum of $1,000 to a maximum of $200,000 from a retailer that sells counterfeit MARLBORO® cigarettes. 15 U.S.C. § 1117(c).

Philip Morris USA asks this Court to award it $2,000 in statutory damages from each Defendant, who was caught selling counterfeit MARLBORO® cigarettes. This dollar figure is at the low end of the statutory damages range. In light of Defendants' sales of counterfeit MARLBORO® cigarettes, their knowledge of this lawsuit, and their failure to satisfy their procedural obligations in this litigation, Philip Morris USA submits that a statutory award of $2,000 is both fair and reasonable.[1] *See Escandon,* 2005 U.S. Dist. LEXIS 26766 , at *8-9 (finding that a $10,000 statutory damages award against retailers caught selling counterfeit

[1] Philip Morris USA reserves the right to seek up to $100,000 per infringed trademark if the entry of default judgment is contested. By seeking only $2,000 at this time, Philip Morris USA is not waiving any of its rights under the law.

MARLBORO® brand cigarettes was fair and reasonable); *accord Philip Morris USA Inc. v. M&S Market, Inc.*, No. Civ. S-06-0133 (DAD), 2006 U.S. Dist. LEXIS 83247, at *9 (same); *Shalabi*, 352 F. Supp. 2d at 1076 (finding that a $10,000 statutory damages award against retailers caught selling counterfeit MARLBORO® brand cigarettes was "well below the maximum [statutory damages] available to [Philip Morris USA]" and thus "demonstrably reasonable," especially when defendants "refused to voluntarily cooperate" with Philip Morris USA); *Jamelis Grocery*, 378 F. Supp. 2d at 458 (awarding statutory damages of $2,500 per mark against retailers who sold counterfeit cigarettes).

**C. <u>The Court Should Award Philip Morris USA the Costs of this Action</u>**

"When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, . . . shall have been established in a civil action arising under [the Lanham] Act, the plaintiff shall be entitled . . . subject to the principles of equity, to recover . . . (3) the costs of the action." 15 U.S.C. § 1117(a). Thus, a finding of Defendants' liability under the Lanham Act entitles Philip Morris USA to recover its costs. Philip Morris USA seeks reimbursement of costs in the modest amount of $62.14 per Defendant. These costs reflect Defendants' *pro rata* share of filing fees ($7.14) and the cost of service ($55.00). *See* Ryan Affidavit, ¶ 9, 14, 19, 24, 29, 34, 39, 44, 49 and 54, *see also* Ryan Affidavit, Exhibit "Q," *Philip Morris USA Inc. v. Shalhi*, 03-CV-4037 (GHF)(C.D. Cal. June 3, 2004), Memorandum and Order Regarding Application for Default Judgment at 12; *see also* Ryan Affidavit, Exhibit "G," *Philip Morris USA v. LaPalma Meat Market Corp., et al*, 05-CV-2104 (JLG) (E.D.N.Y.) (February 6, 2007), Default Judgment and Permanent Injunction as to Defendant 116 Tony's Grocery Inc., at ¶ 11.

**CONCLUSION**

For all the foregoing reasons, Philip Morris USA respectfully requests the Court enter default judgments against Defendants on all claims for relief in the Complaint and grant injunctive relief, statutory damages, and costs as set forth above.

Dated: August 1, 2008

CULLEN AND DYKMAN LLP

By: ______________________
James G. Ryan (JR 9446)
Marianne McCarthy (MM 8807)
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
Telephone: (516) 357-3700
Facsimile: (516) 357-3792

*Of counsel:*

Jennifer L. Larson (JL 8114)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

*Attorneys for Plaintiff Philip Morris USA Inc.*